(No. 17545.—Judgment reversed; award set aside.)
THE STANDARD OIL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(STANLEY SHAFFNER, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. WORKMEN'S COMPENSATION—*an award cannot be based upon probability.* An award under the Compensation act must be based upon evidence the preponderance of which shows that the claimant has incurred a disability arising out of and in the course of his employment, and where the cause of injury is equally consistent with an accident and with no accident, compensation will be denied.

2. SAME—*when evidence does not support finding of disability due to injury accelerating disease.* An employee is not entitled to compensation for disability due to valvular heart trouble, the claim being based upon the fact that two weeks before the disability began the employee had an altercation with one of his employer's customers in which he received a blow over his heart, where the weight of the evidence shows the heart trouble to have been the result of rheumatism, and where the evidence for the claimant shows only a probability that the injury accelerated the disease.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

R. J. FELLINGHAM, and T. W. QUINLAN, for plaintiff in error.

ANDRUS & TRUTTER, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Sangamon county confirming a finding of the Industrial Commission that the claimant sustained an accidental injury on November 15, 1923, in the course of his employment, and awarding him compensation therefor at the rate of $12.46 per week for 65-4/7 weeks.

The claimant, Stanley Shaffner, aged twenty-one years, was employed by plaintiff in error for six months prior to the first of December, 1923. He testified that on November 15, 1923, while working for plaintiff in error at its filling station in Springfield, he had an altercation with a customer with reference to filling the customer's tank with gasoline; that the customer struck him twice, the first time over the heart, knocking him over a chair and to the ground, and the second time on the nose; that after this accident he worked until the last day of November, when, as he walked into the station, everything went black in front of him and he had difficulty in breathing; that he called a doctor, who insisted that he should go to a hospital; that he had done no work since that time; that his heart beats hard and throbs; that he gets short of breath and is not able to do any heavy work; that while employed by plaintiff in error he was laid off seven days on account of shingles and about the first of November one day on account of rheumatism in his feet, limbs and hands; that when he was nineteen years old he was laid up with rheumatism from the middle of December to the latter part of March; that he ran a temperature and his hands, knees and feet were swollen; that from the time he was sick that winter he lost no time from sickness except the six or seven days when working for plaintiff in error.

When claimant had the rheumatism and when he was in the hospital in December, 1923, he had physicians, neither of whom was called as a witness. After leaving the hos-

pital he was treated by a doctor from Pittsfield, who first saw him in the latter part of December, 1923. This witness testified that claimant had at the time of the hearing a weakened heart and valvular heart trouble, which he thought was mitral regurgitation. In answer to a hypothetical question he testified that assuming that claimant had a heart condition that was caused by rheumatism, and that he had been able to work right along for two years with the exception of one day, and that he received a blow over the heart, a blow of that kind would aggravate or accelerate the heart condition if the blow was such as he described; that he did not remember of ever having heard of a case where the inner lining of a heart or valves was injured by a blow on the outside that didn't knock the person unconscious; that there was a possibility that the blow might have aggravated claimant's heart condition.

Another physician called by claimant testified that he had examined claimant the day before the hearing; that he had mitral regurgitation of the heart; that he was able to do light work. The principal facts in claimant's testimony were stated to this witness embodied in a hypothetical question, and he was asked if he saw any connection between the blow and the heart. In response thereto he testified: "The condition in this heart existed prior to the time he was supposed to have been struck. The only connection between the two is the possible shock that might possibly have affected the heart as a result of the blow over it. The heart was not normal then, not normal now and never will be normal. I am not familiar with the condition that existed at that time." He was then asked the question, "Assuming he had endocarditis, could a blow aggravate or accelerate the condition and cause disability?" In response thereto he said: "Shock could be produced by the blow and aggravate the existing condition. The extent of my opinion is that a possible shock he may have received might possibly have affected the heart."

An expert called by plaintiff in error, in response to a hypothetical question testified that he did not see any connection between the altercation and blow received on November 15 and the heart trouble; that the altercation or blow would not accelerate or hasten the heart trouble; that endocarditis follows acute rheumatism; that it is an inflammation of the lining of the heart, due either to poison from germs or from the germs themselves; that if the dilation of the heart was a result of the blow it would follow the same day or in a day or two; that claimant would have quite a number of symptoms which were not present in the present case.

The testimony of all the experts is to the effect that heart conditions such as the evidence shows existent in claimant's case are very frequently the result of rheumatism. The liability of an employer under the Compensation act cannot be based on a choice between two views equally compatible with the evidence but must be based on facts established by evidence, and where the cause of injury or death is equally consistent with an accident and with no accident, compensation will be denied. (*Ideal Fuel Co.* v. *Industrial Com.* 298 Ill. 463; *Peterson & Co.* v. *Industrial Board,* 281 id. 326.) Awards for compensation cannot be based upon possibilities or probabilities but must be based upon evidence the preponderance of which shows that the claimant has incurred a disability arising out of and in the course of his employment. We are of the opinion that claimant has failed to prove by a preponderance of the evidence that the diseased condition of his heart, either wholly or in part, is due to an accidental injury arising out of and in the course of his employment.

The judgment of the circuit court is reversed and the award set aside.

*Judgment reversed and award set aside.*