LYDIA A. KEITH *vs.* NARRAGANSETT ELECTRIC COMPANY.

MARCH 10, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition under the Workmen's Compensation Act brought by a widow to recover compensation for the death of her husband. After a hearing in the Superior Court, the petition was denied, and the case is before this court on petitioner's appeal from the decree denying the petition.

It appeared in evidence that on December 31, 1930, petitioner's husband, John L. Keith, while working as a watchman in the employ of respondent, was struck across the abdomen by a falling steel cabinet. He was given first aid treatment at the Rhode Island Hospital and on January 2, 1931, returned to work, apparently recovered from the injury. About two weeks later he consulted a doctor regarding abdominal pains which he attributed to the accident. Despite continued treatment the doctor observed no improvement in his condition and, finding that there was some discoloration of the umbilicus, referred him to the Rhode Island Hospital to which he was admitted on February 26. The case was diagnosed as cancer and on February 28 Keith was operated upon. Thereafter several complications set in, and on March 19 he died.

The petitioner contends that the accident either caused a cancer or aggravated a preexisting one, thereby hastening the death. The respondent, admitting the accidental injury to Keith, denies that it either caused or hastened his death. The trial justice found as a fact that the petitioner failed to sustain the burden of proving that the accident caused or aggravated the cancerous condition. Petitioner's reason for appeal from this decree is, in substance, that the evidence presented entitles her to compensation as a matter of law.

In his rescript the trial justice said: "It is very clear from all the testimony that if the accident had not occurred, the deceased must have died within a short time anyhow because of the condition of his heart and the growth of the cancer. It is incumbent upon the petitioner to prove by a fair preponderance of the testimony that death resulted

from or was hastened by the accident. We do not feel that the petitioner has sustained the burden of proof and it is not a reasonable inference but a mere possibility that the death may have been hastened by the accident."

The medical experts agreed that the pathologist's report and diagnosis showed that Keith for a considerable time previous to the accident had been afflicted with a cancer; that the only possibility of a cure would be dependent upon discovery and treatment of the cancer in its earliest stages; that the cancer was "metastatic"—that is, originating in an organ or tissue composed largely of glands—and therefore did not originate in the umbilicus but in some other part of the body and, by dissemination through the blood stream or the lymphatics, had been carried to the umbilicus; that the cause of death was adeno carcinoma of the umbilicus, myro-cardial degeneration and lobar pneumonia. Neither the doctor who had attended Keith for some time before the accident nor the doctor who performed the operation was called as a witness for petitioner.

A number of respondent's employees who were in a position to observe Keith daily testified that prior to the accident they had noticed that his health was failing. A member of respondent's personnel department testified that when he called at the Keith home and talked with petitioner a day or so after the accident she told him that for a long time prior to the accident her husband had been failing; and the witness stated that he himself had noticed the rapid decline in Keith's health.

The medical testimony as a whole indicates that the cancerous condition was not the result of the accident. There is a conflict between the witnesses as to whether the accident hastened the necessity for the operation which resulted in death. These were questions of fact for the decision of the trial justice, and in the absence of fraud his finding upon the facts adduced is conclusive. *Jillson* v. *Ross*, 38 R. I. 145; *Jacquinet* v. *Woonsocket Spinning Co.*, 52 R. I. 247; Art. III, Sec. 6, Chap. 92, G. L. 1923 as amended by Chap. 1207, P. L. 1928.

In *Desrochers* v. *Atwood-Crawford Co.*, 47 R. I. 116, this court considered the question of the acceleration of an existing disease. Commenting upon the burden of proof in such cases the court said: "Petitioner had the burden of proving the casual connection of the accident with the alleged acceleration of the disease . . . When the Superior Court said that it was in doubt whether the accident accelerated the existing disease . . . the language could have meant only that the evidence did not tip the scales to petitioner's side."

It is well settled that the compensation act is not intended to allow recovery for a death resulting from a disease not caused by an accident arising out of and in the course of the employment, unless it is proved that the accident affected the normal progress of the disease to the extent that the employee's ability to labor was thereby diminished or the date of death substantially advanced Where the effect of the accident upon the existing disease is doubtful and the history of the progress of the disease after the accident is consistent not only with the theory that it had some effect but equally so with the theory that it had no effect, compensation has been denied. In *Standard Oil Co.* v. *Indus. Commission*, 322 Ill. 524, 153 N. E. 660, the court said: "Awards for compensation cannot be based upon possibilities or probabilities but must be based upon evidence the preponderance of which shows that the claimant has incurred a disability arising out of and in the course of his employment." In *West Side Coal & Mining Co.* v. *Indus. Commission*, 321 Ill. 61, 151 N. E. 593, the court, in commenting on the rule regarding acceleration of preexisting disease, said: "The evidence in the record does not show that the burn was the direct cause of his death and there is no sufficient proof that it was an accelerating and proximate cause of his death. We have often held that a recovery for compensation cannot be based upon conjecture or surmise." See also *Haddad* v. *Comm. Motor Truck Co.*, 150 La. 327; *Malvern Lumber Co.* v. *Sweeney*, 116 Ark. 56.

The petitioner having failed to sustain the burden of proving that the death was caused or accelerated by the accident, the appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Emilio D. Iannuccillo*, for petitioner.

*Clifford Whipple, Earl A. Sweeney*, for respondent.