(No. 3864— )

GEORGE ELLIOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

C. A. WILLIAMS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

On July 21, 1943, the claimant, George Elliott, an employee of the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, while loading trucks with rocks and broken concrete pavement suffered a severe pain in his left side and back. He finished his day's work and reported for work the following morning. He then complained of pain and nausea, and was sent to Dr. R. B. Boyd, at Casey, for examination and treatment. Dr. Boyd taped his abdomen and suggested that he continue with light work and report for further observation. Dr. Boyd subsequently advised the Division that claimant had sustained an injury to internal muscles of upper left quadrant.

Claimant's pain continued and on July 24th he was placed under the care of Dr. C. C. Holman of the Effingham Clinic at Effingham, Illinois. Dr. Holman reported to the Division that claimant had sustained considerable kidney damage and was passing blood; that there was soreness in his back and abdomen, and prescribed rest, medication and ice packs. He indicated that the claimant would be able to return to work in about a month's time.

On August 5, 1943, claimant was discharged by Dr. Holman with the recommendation that he rest at home for a week and then return to Dr. Boyd for further examination. The urinary findings had completely disappeared, and Dr. Holman reported that claimant was on his way to complete recovery. He stated that no permanent disability was anticipated.

On August 24, 1943, Dr. Boyd reported that claimant was still very sore in the abdomen and when on his feet complained of nausea and pain on his left side. He further stated that on examination he found the left inguinal ring very sensitive and bulging on coughing. Dr. Boyd's diagnosis at that time was left inguinal hernia.

On August 31, 1943, the claimant was taken to Dr. J. Albert Key, Professor of Orthopedics, Washington University School of Medicine, at St. Louis, Missouri, for examination and treatment: He was also examined in St. Louis by Dr. Nathan A. Womack, Assistant Professor of Clinical Surgery at the Washington University School of Medicine. Dr. Key reported that the claimant was a heavy man who localized his pain in the left upper lumbar region and in the left groin; that there was moderate tenderness to deep pressure over the muscles to the left of the lumbar spine opposite the 1st, 2nd, and 3rd lumbar vertebrae; that there was tenderness of the left inguinal ring, and that an impulse was transmitted, but that there was no definite hernia. He found that the same condition existed in the right inguinal ring, except that it was not tender. Dr. Key felt the symptoms would subside gradually, but if they persisted, suggested that he see the claimant in about six weeks' time. Dr. Womak also reported to the Division that he found a strain of abdominal muscle for which he prescribed further rest.

Claimant, however, continued to complain of his discomfort, and was again sent to St. Louis on September 23, 1943, for further examination. Dr. Key then reported that he found no evidence of an abdominal wall hernia or inguinal hernia. He advised claimant to return to light work, and to obtain an abdominal support, stating that no other treatment was necessary.

Claimant, however, alleges in his complaint that he has suffered a hernia of the abdominal wall; that the hernia is of recent origin; that it was accompanied by pain; that it was immediately preceded by trauma arising out of and in the course of his employment with respondent, and that the hernia did not exist prior to the injury. He alleges that he has been totally and permanently disabled since the injury; that he will remain totally and permanently disabled for the remainder of his life, and seeks an award of $15,000.00.

At the time of the alleged injury, claimant was married, but had no children under sixteen years of age dependent upon him for support. He had been employed by the Division of Highways since June 22, 1943, as a truck driver at a wage of 80c an hour. Employees engaged in the same capacity as claimant worked for the Division less than 200 days a year, and eight hours constituted a normal working day. At the time of the alleged injury, employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. Compensation for temporary total disability was paid claimant for the period from July 24, 1943, to September 23, 1943, inclusive, at the rate of $17.63 per week, or a total of $156.15. The Division also paid the following accounts in connection with claimant's injury:

| | |
|---|---|
| Dr. Ryne B. Boyd, Casey | $10.00 |
| The Effingham Clinic, Effingham | 26.00 |
| Dr. J. Albert Key, St. Louis, Mo. | 20.00 |
| Dr. Nathan A. Womack, St. Louis, Mo. | 10.00 |
| St. Anthony's Hospital, Effingham | 41.20 |
| Drs. Rhodes & Massie, Toledo | 6.75 |
| George Elliott, Greenup | 10.58 |
| Total | $124.53 |

From the record it appears that the claimant sustained an injury arising out of and in the course of his employment. The medical testimony as to claimant's resulting disability, however, is in sharp conflict. The claimant testified to a continuing condition of soreness, and increased pain upon activity. Dr. W. R. Rhodes, of Toledo, Illinois, testifying in behalf of claimant, stated that in May, 1943, claimant was in good physical condition. Dr. Rhodes examined claimant after he returned from treatment in St. Louis. At that time he stated that he found an open ring in the left side, and that the muscles were pulled apart; that there was a bulging on the left side, and that the muscle tone was poor. Dr. Rhodes also stated that he had examined claimant a second time prior to the hearing on October 31, 1944, and that he felt there was a destruction of muscle tissue. On cross-examination, the doctor stated that he had not diagnosed claimant's difficulty as an inguinal hernia on either side, but had diagnosed the condition as an enlargement of the rings, a giving away of the muscles; in other words, an incomplete hernia. He stated that claimant could work if the work did not require lifting or undue strain, or standing; that claimant could drive an automobile, but he did not recommend his driving a truck.

Dr. R. B. Boyd of Casey, Illinois, also testified on behalf of claimant, and stated that at the time of his original examination immediately following the injury, he found pain in the upper right quadrant of claimant's abdomen; that he diagnosed the condition as an hernia, a break through the abdominal wall high up; that he still believes that claimant does not have an inguinal hernia. Dr. Boyd also stated that claimant could not do heavy

manual labor, but that with proper support he could work if the work did not require heavy lifting.

The medical proof on behalf of the respondent is contained in the reports to the Division of Highways, which are a part of the record in the case. From these reports it appears that claimant has not suffered an hernia of any type, and has been able to work, since September 23, 1943.

It is the duty of this court to weigh and consider the evidence in the record and if it is found that the evidence fails to support the averments in the complaint, the court must deny the claim. Liability under the Compensation Act can not rest upon imagination, speculation, or conjecture, or on a choice between two views equally compatible with the evidence, but must be based upon facts established by a preponderance of the evidence. *Berry* vs. *Industrial Commission,* 335 Ill. 374. Awards for compensation can not be based upon possibilities or probabilities, but must be based upon evidence the preponderance of which shows that claimant has incurred a disability arising out of and in the course of his employment. *Standard Oil Company* vs. *Industrial Commission,* 322 Ill. 524; *Weimer* vs. *State,* 12 C. C. R. 244.

From the evidence there can be no doubt that claimant sustained an injury arising out of and in the course of his employment. The exact nature of this injury, however, is not clearly established, and it is extremely doubtful that any disability now exists as a result of the injury.

Dr. Rhodes diagnosed claimant's condition as an incomplete inguinal hernia. Dr. Boyd stated positively that claimant had no inguinal hernia, but diagnosed claimant's disability as a break high up in the abdominal wall. Dr. Holman found no hernia, and anticipated no

permanent disability. Dr. Key found no definite hernia on his first examination, and stated definitely on his second examination that he found no evidence of either an abdominal wall hernia, or an inguinal hernia. Furthermore, although claimant may be partially incapacitated, under Section 8(d) of the Workmen's Compensation Act, proof of partial incapacity must include the difference between the average amount claimant earned before the accident and the average amount he is able to earn in some suitable employment after the accident. *Evans* vs. *State,* 13 C. C. R. 65; *Doyle* vs. *State,* 13 C. C. R. 179. From the record, the claimant is able to work. How much his earning power may have decreased since the accident is not shown.

For the reasons stated, award is denied.