(No. 3462—

LUTHER F. COBB, et al. Claimant, *vs.* STATE OF ILLINOIS,. Respondent.

*Opinion filed November 12, 1946.*

*Petition of claimant for rehearing denied January 14, 1947.*

SHARL BASS, and JACK L. SACHS, for claimant.

GEORGE F. BARRETT, Attorney General and WILLIAM L. MORGAN, Assistant Attorney General of counsel, for respondent.

DAMRON, J.

This complaint was filed on February 23, 1940 by Cloteel Cobb for an award under the Compensation Act.

The complaint alleges that on the 19th day of August 1939, Cloteel Cobb was employed as an attendant at the Manteno State Hospital and on that date contracted typhoid fever during the course of her employment in said institution; that medical, surgical and hospital treatments were partially furnished by the respondent; that the earnings of said employee during the year preceding her alleged injury was $649.20 plus room and board; that during the time of her temporary disability the respondent paid her full salary. Claim is made herein for $22.00 a week for complete and permanent disability, including pension for life as provided in Paragraph (e) of Section 8 of the Workman's Compensation Act; that said claimant at the time of the alleged injury was 40 years of age and that she was the mother of four children under the age of 16 years.

On September 15, 1944, a suggestion of death of the above claimant was filed in this Court showing that she had died on March 25, 1943. Leave was given to substitute Luther F. Cobb, as husband of the claimant and as father of Maxine Cobb, Billy Cobb, Doris Cobb and Harvey Cobb, minor children of Cloteel Cobb and Luther F. Cobb. The record consists of the following:

Complaint, stipulation, order to show cause, suggestion of death of claimant and motion to substitute hus-

band, Luther F. Cobb, et al, stipulation for continuance of rule to show cause, order to show cause dated November 13, 1945, motion of claimant to vacate order of dismissal and to reinstate, transcript of evidence, waiver of claimant's brief and argument, medical report, waiver of brief and argument of respondent, letter from Dr. Edward Ross, commissioner's report of findings, copy of death certificate, statement for services rendered by A. M. Rothbart for taking and transcribing testimony.

The evidence in support of this claim was filed in this Court on May 27, 1946 consisting of the testimony of Luther F. Cobb, the present claimant, and Doctor Alfred J. Mitchell. The death certificate and hospital record of the Manteno State Hospital were introduced in evidence on behalf of the respondent.

The hospital record discloses that the said Cloteel Cobb was admitted to the medical hospital at the Manteno institution on August 19, 1939 under the care of staff physician, Doctor Spinka, and there remained until October 28, 1939. The hospital record further discloses that patient was given daily treatments of insulin throughout the period of her hospitalization, and discloses that the stools were negative as to typhoid fever on October 13, 1939, again on October 17, 1939 and on October 21, 1939; that this patient was discharged from further treatment for typhoid fever on October 28, 1939; that on her discharge a diabetic diet was ordered for her and insulin treatments of 10-5-10 were recommended by Doctor Spinka and he also ordered her to bring a specimen of her urine to the laboratory daily for examination as to sugar content.

The evidence discloses that after her discharge from the hospital on October 28, 1939 she returned to her home and there remained until her death on March 25, 1943.

A death certificate filed in this case gives the immediate cause of death as cardiac failure due to diabetic coma due to diabetes and further that this disease was in no way related to the occupation of the deceased, said death certificate being signed by Doctor Fred L. Darnell, Momence, Illinois, who was not called as a witness on behalf of claimant or respondent.

A physician was called on behalf of claimant who gave an opinion based on a hypothetical question that there was a direct causal relationship between the on-set of the typhoid fever and the subsequent condition of ill being of the hypothetic individual, and the relationship between the antecedent diabetes and the cause of death of the hypothetic person.

On cross examination he admitted he had based this opinion wholly on the hospital report filed in this cause and that he had never seen claimant's intestate during her lifetime. He readily admitted, however, that typhoid fever is no cause for diabetes and that the diabetes suffered by Mrs. Cobb anteceded the attack of typhoid.

The evidence in this case taken as a whole conclusively shows that claimant's intestate suffered an attack of typhoid fever on August 19, 1939 during the course of her employment by the respondent but recovered fully from this attack. That prior to said onslaught she was the victim of diabetes and ran the usual course of a diabetic from which she died March 25, 1943.

In *Elliott* vs. *State*, C. C. R. 14, page 227, this Court said. "It is the duty of this court to weigh and consider the evidence in the record and if it is found that the evidence fails to support the averments in the complaint, the court must deny the claim. Liability under the Compensation Act can not rest upon imagination, speculation, or conjecture, or on a choice between two views equally

compatible with the evidence, but must be based upon facts established by a preponderance of the evidence. *Berry* vs. *Industrial Commission*, 335 Ill. 374. Awards for compensation can not be based upon possibilities or probabilities, but must be based upon evidence the preponderance of which shows that claimant has incurred a disability arising out of and in the course of his employment. *Standard Oil Company* vs. *Industrial Commission*, 322 Ill. 524; *Weimer* vs. *State*, 12 C. C. R. 244.''

Claimant having received full salary from the respondent during her hospitalization period the claim under the complaint for temporary total disability must be denied for the reason that she was over paid for nonproductive work; her claim for complete and permanent disability from the 19th day of August 1939 to the 25th day of March 1943 must be denied for lack of proper proof and likewise the claim of the present claimant under the provisions of Section 7 (a) of the Workman's Compensation Act for the death of Cloteel Cobb, his wife, must be denied for lack of proper proof.

Awards as prayed in the complaint as amended are denied.

A. M. Rothbart, court reporting service was employed to take and transcribe the testimony in the above entitled cause and rendered services in that behalf on February 18th and May 2nd, 1946.

The charges for these services are $29.40 and we find that that is fair, reasonable and customary charges for such services.

An award is therefore entered in favor of A. M. Rothbart, court reporting services, Chicago, Illinois in the sum of $29.40.