MALVERN LUMBER COMPANY *v.* SWEENEY.

Opinion delivered December 21, 1914.

1. NEGLIGENCE—PROOF OF INJURY.—Proof of an alleged act or omission as causing an injury is not sufficient to establish it as a cause, so long as other causes exist and were present, which equally might have caused it.

2. NEGLIGENCE—PERSONAL INJURY—PROOF—CONCURRENT CAUSE.—Plaintiff's intestate was employed in defendant's mill, and plaintiff claimed that deceased was injured by defendant's negligence, and died as a result of the injury. It appeared that deceased was suffering from cancer of the stomach at the time of the alleged injury. *Held*, under this evidence the issue of negligence should not have been submitted to the jury, as there was no evidence connecting the alleged accident with deceased's death and under all the evidence, the cause of the death was merely a matter of surmise.

3. EVIDENCE—NEGLIGENCE—PROOF.—The existence of a fact is not proved by evidence of a subsequent condition which is merely consistent with its existence, and does not warrant a submission of the question to the jury.

4. MASTER AND SERVANT—INJURY TO SERVANT—ASSUMED RISK.—Where plaintiff alleged that the deceased was injured by the negligence of defendant, by being struck by a truck, in the moving of which he was assisting, due to the truck striking a rise in the floor; *held*, under the evidence, that deceased assumed the risk of his employment, as the condition of the floor was well known to him, and no negligence was shown in furnishing deceased a safe place in which to work.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; reversed.

*Wynne & Harrison* and *Henry Berger*, for appellant.

The court ought to have directed a verdict for the appellant as requested. There was a total failure of

proof to establish the fact of an injury. Under the proof in the case the jury could not have arrived at a verdict in favor of the plaintiff except through indulgence in speculation, conjecture or surmise. 3 Bailey on Personal Injury (2 ed.), 2136; *Id.* 2135; 119 Mich. 640; 143 Mich. 379; 106 N. W. 117; 145 Mo. 316; 76 Ia. 744; 181 Fed. 91; 126 Pac. 960; 56 Ill. App. 578; 103 Va. 64; 93 S. W. 868; 90 S. W. 977; 79 Ark. 437; 179 U. S. 658; 109 Ark. 206-214; 116 Wis. 31.

*John C. Ross,* for appellee.

There was positive proof of the fact that the deceased was injured, and the proof further shows that appellant was guilty of gross negligence which was the direct cause of the injury. 105 Ark. 402.

While there is evidence upon which the jury might have based a finding that the deceased came to his death from cancer or ulcer, yet there is also evidence which justified the jury in finding that the exciting, proximate cause of his death was the sudden, violent jerk and wrench of his body which ruptured a blood vessel from which hemorrhage almost immediately set up. Notwithstanding a person may be suffering from a latent disease such as cancer of the stomach, from which he might have died at some future time, yet, if he receives an injury which sets in motion a chain of causes that result in death sooner than he would otherwise have died, there is liability for his death. 106 Ark. 91; 91 Ark. 343. This court has permitted the verdicts of juries to stand in cases much closer on the facts than is the case here. See, 103 Ark. 61; 107 Ark. 476; 77 Ark. 434-436; 100 Ark. 207; 105 Ark. 374.

KIRBY, J. This appeal is brought from a judgment for damages for an alleged personal injury, resulting in the death of appellee's intestate. He was working for the appellant company at the time of the alleged injury in trucking lumber to the planer. The lumber was loaded on a frame, which was on two wheels, constituting a truck, and one man stood at the end of the lumber behind and

kept it in balance and helped to push, while the other, the deceased in this instance, rolled one of the wheels by pushing it along to the planer, the floor of which was an inch and a half higher than the runway adjoining it, and to enable the helpers to more easily push the truck over this raise, a plank about an inch thick and ten feet long was usually kept against the edge of the rise in the planer floor. When the truck deceased was helping to push reached this rise, the plank had been moved away from against it and one wheel of the truck struck the rise first, causing it to stop.

Appellant contends that it caused a severe jerk of the deceased, who was rolling the wheel that did not strike the obstruction. The man at the end of the lumber who was keeping it balanced, said it was the business of the employees trucking the lumber to put a plank up against the edge of the planer floor to better enable them to roll the lumber up, and that he did not notice that the plank was not up against the rise until after the wheel struck the obstruction and the truck stopped. He said that deceased was in a better position to see whether the plank was in place than he was, and that it was his duty also to notice the condition and remedy it. He testified further that there was no severe jolt or jerk of the truck when it struck the rise in the floor, that he did not notice any at all, and also that deceased made no complaint of any jolt or jerk, or of being injured at the time. It is true he answered "Yes, sir," when asked if he didn't remember in giving a statement in the case saying, "When we run the buggy against the offset, it caused a considerable jerk." Shortly after deceased went to work at the re-saw, and in probably twenty minutes thereafter complained of feeling bad, and went home, and died within a month and a half. The testimony of the physicians tended strongly to show that he was afflicted with cancer of the stomach, and had been for some time, and that his death was due to that.

Two witnesses who were familiar with the trucking of lumber and the trucks used by appellant company,

stated that if one of the trucks heavily loaded was pushed rapidly against the rise in the floor, one wheel striking before the other, that the tendency would be to jerk the other wheel and the man who was pushing it with sufficient violence maybe to produce a severe injury. No one saw the deceased when the wheel struck the rise in the floor, the man at the end of the lumber being behind and on the other side of it from him, and it does not appear that he had hold of the wheel at the time.

Appellant only contends here that the court erred in refusing to direct a verdict for it, and we agree with this contention. There is no testimony showing negligence on the part of the lumber company that resulted proximately in injury to and death of the deceased. It may be that he was jerked or shaken by the sudden coming in contact of the opposite wheel of the truck with the rise in the planer floor and injured thereby, but the man who was at the end of the load of lumber and holding the truck in balance and who must necessarily have been slung around or affected by the jerk, testified that there was no jerk or jolt resulting from the contact, that he noticed none, and that he must have noticed it if there had been. He testified further, and it was not disputed, that deceased made no complaint whatever of being jarred or injured at the time. If his stomach was weakened by the inroads of the disease from which he suffered, he might the more easily have been injured, it is true, by a jolt or jerk, but the jury would have been compelled to speculate upon the cause of his injury in arriving at a verdict in favor of the appellee, which they doubtless did do as indicated by the small amount awarded as damages.

The testimony does not even show that deceased had hold of the wheel of the truck at the time the other wheel struck the obstruction. The death of deceased could have resulted from the disease from which he suffered, as well as from the injury claimed to have been inflicted, and the jury are not permitted to speculate as to its cause.

(1)   3 Bailey on Personal Injury, page· 2136, states the rule as follows: "It may be correctly stated as ·a rule that proof of an alleged act or omission as causing injury is not sufficient to establish it ·as the cause, so long as other causes exist and were present, which might as well have caused it.   Surmise and conjecture can not supersede proof.   There must exist some degree of certainty.   There need not lbe absolute certainty or freedom from reasonable doubt but sufficient must ·be shown to overcome or more than balance· any presumption that other causes may have produced it."

(2-3)   The most the evidence establishes is a condition which could have been caused by an injury at the time, or resulted from the disease of the deceased, and whether an injury did occur was under the evidence but a surmise or conjecture.   The existence of a fact is not proved by evidence of a subsequent condition which is merely ·consistent with its existence, and does not warrant ·a submission of the question to the jury.

In *St. Louis, I. M. & S. Ry. Co.* v. *Andrews,* 79 Ark. 437, the court said: "The jury are not allowed to indulge in presumptions.   Upon a charge of negligence of this sort, there must be proof, otherwise the injury complained of must be held to have resulted from an accident for which no one is legally liable to respond in damages. Such shows no more than that plaintiff's injury resulted in ·an accident."

In *Midland Valley Ry. Co.* v. *Ennis,* 109 Ark. 206, the court said:

"The evidence tends to show as before stated, that he fell under the cars right ·at the frog and was run over. It is purely a matter of conjecture how he came to fall under the cars.   Juries are not permitted to rest a verdict purely upon speculation, but there must be testimony which warrants a finding of the essential facts or which would warrant a reasonable inference of the existence of those facts." See, also, *Patton* v. *Texas & Pacific Ry. Co.,* 179 U. S. 658; *L. H. & St. L. Ry. Co.* v. *Jolly,* 90 S. W. 977; *Chesapeake & Ohio Ry. Co.* v. *Heath,* 103 Va. 64.

(4)   Moreover, the raised floor of the planer was an obvious defect, if a defect at all, and it was the duty of the deceased or those engaged in trucking the lumber to place the plank up next to the rise if they desired to use it. There was nothing to conceal the condition, and there was no negligence shown upon the part of appellee in failing to exercise ordinary care in furnishing deceased a safe place in which to work.   He assumed the risk of the employment, and can not recover on that account.

The judgment must be reversed, and as the cause seems fully developed, will be dismissed.   It is so ordered.