ARKANSAS-LOUISIANA GAS COMPANY *v.* CAMPBELL.

4-6518                                      156 S. W. 2d 255

Opinion delivered December 8, 1941.

*Buzbee, Harrison & Wright,* for appellant.
*John H. Wright,* for appellee.

MEHAFFY, J. The appellee, Mrs. M. E. Campbell, brought this action against the appellant, Arkansas-Louisiana Gas Company, in the Clark circuit court to recover damages for the injury which she alleges she suffered because of the negligence of the appellant. She alleged in substance that she was a resident of Clark county, and that the appellant is a foreign corporation engaged in the business of piping, transporting and marketing natural gas in the state of Arkansas under a permit issued by the proper authorities; that said appellant has placed and maintained in the streets of Gurdon, Arkansas, certain pipes for the purpose of transporting gas to consumers; that the appellant carelessly and negligently placed one of said iron pipes on a street known as Crayton Avenue in the eastern outskirts of said town above the surface of the roadway and caused or permitted said pipe to become uncovered so that it was allowed to protrude above the surface of the roadway; that connecting the joints of said pipe at the point where it protrudes above the surface of the street is a large joint or collar which was carelessly and negligently permitted by appellant to protrude several inches above the surface of the street; that while she was riding with her husband, M. E. Campbell, as a passenger in a car owned and operated by him, about 11 o'clock p. m., August 9, 1940, she was injured as a result of the carelessness and negligence of the appellant in the following manner: that said automobile in which appellee was riding ran into and over said large joint or collar in appellant's pipeline on said street with great force and violence causing the appellee to be thrown to the top of said car and to fall against the side and back of the seat in said car and thereby causing her to be seriously injured; the said M. E. Campbell was driving the car in which appellee was a passenger with due care and caution for the safety of appellee, and that the injury was solely and proximately caused by the negligence of the appellant in permitting said pipe to protrude above the surface of the roadway, and the further failure of appellant to place a warning sign or light or any obstruction of any kind to prevent said automobile from running into and against said pipeline of the appel-

lant; that the injuries which appellee sustained as a result of the carelessness and negligence of the appellant, consisted of the following: she was thrown against the top and caused to fall against the side and back of seat of said automobile, bruising and lacerating the muscles, tendons, ligaments and joints of her right side and back; that her female organs were caused to be misplaced, resulting in a mixed pelvic infection of a most severe nature; that as a result of the injury she has been caused to suffer great and excruciating physical pain and mental anguish; has been unable to rest or sleep and has been unable to perform any work since the above described accident; appellee is a young woman and before the above described injury was able to perform her housework and perform the ordinary duties of a housewife; that she has not been able to do this since that time; that her said injuries are likely to be permanent; she has been forced to expend $75 for doctor's bills and medical expense, and she prayed judgment for $3,000.

Appellant filed answer denying the material allegations in the complaint and alleging the appellee's negligence and the negligence of M. E. Campbell who was driving the car.

There was a verdict and judgment in favor of appellee against the appellant for $1,500. This appeal is prosecuted to reverse said judgment.

It is first contended by the appellant that the judgment should be reversed and the cause dismissed because the evidence is not sufficient to justify a recovery by appellee.

M. E. Campbell testified in substance that he went to Gurdon to the political speaking August 9, 1940; that it was a rainy night and they left the meeting about eleven o'clock; he drove off the pavement onto the dirt road and had gone but a short distance when he struck this pipe belonging to appellant; did not see the pipe before he struck it; was going 25 or 30 miles an hour; when the car struck the pipe it bounced back to the right, buckled up, and then went forward; found that the radius rod was broken and the cross member that the spring

fits in was broken; he struck the joint of the pipe which was sticking up out of the ground; witness' wife complained at the time she was injured and laid down until they got to Mr. Fochee's and got out of the front and laid down; she was hurt once before in 1935, but for the last two and a half years she had been in good health; did everything, the work at the house, the milking and helped in the field; she had not had to have a doctor except when the baby was born for something like a year and a half or two years; before the accident witness had not known that the pipe was sticking up.

Humphries Turner, the night marshall and constable, testified in substance that he was over at the Ford agency when Campbell came up; the part of the car that held the rod up was broken; did not examine to see the full extent of the damage; went out to where the accident happened; the street was still wet; a pipe was sticking up out of the ground; in his judgment it was about a two-inch pipe; the joint he saw sticking up was near the middle of the street; pavement is about 14 or 16 feet wide at that place.

G. I. Haney testified that he lived at Gurdon; that during the wet weather when ruts were cut down traffic would go to the right; had noticed the pipe that had been sticking up and exposed a long time, six months to a year; it was a two-inch pipe with a coupling over it; an inch and half of the coupling was sticking up above the pipe.

Albert Cooper testified that he was in the car with the Campbells when they hit the pipe; that it threw them out of the back seat and after they hit the pipe they all got out except Mrs. Campbell; the pipe was near the center of the road; the pipe had a coupling on it that hung underneath the car; Mrs. Campbell complained about being hurt; before the accident witness had occasion to go to Campbell's house quite often; Mrs. Campbell was a very active woman; she did a lot of work, but he had not seen her work since the accident; has seen her in bed.

Jip Hicks testified to substantially the same facts as did Cooper. Other witnesses testified about the pipe sticking up in the middle of the street and about Mrs.

Campbell's good health for the past two years; that she did all of her work in the house as well as milking the cows and working in the field.

Mrs. M. E. Campbell, the appellee, testified at length about her injuries and told about her injury five years before; that after that injury she recovered, did all of her housework, hoed cotton, did the milking, and did not suffer during that two and a half or three years; had one child during that time.

The appellant introduced the complaint filed against the Standard Oil Company by the appellee, although it was not verified, was not signed by the appellee and she did not know what was in it.

It would serve no useful purpose to copy all the evidence. There is substantial evidence to show the negligence of the appellant and the injury to appellee, and the rule in this jurisdiction is that the jury, and not the court, is the judge of the credibility of the witnesses and the weight to be given to their testimony. We recently stated the rule of this court as follows: "Under the settled rules of practice the jury is the judge of the credibility of the witnesses and the weight to be given to their testimony, and it is also a well settled rule that the evidence admitted at the trial will, on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury, it will be sustained." *West* v. *State,* 196 Ark. 763, 120 S. W. 2d 26.

To support this rule, the court cited the following cases: *Daniels* v. *State,* 182 Ark. 564, 32 S. W. 2d 169; *Walls & Mitchell* v. *State,* 194 Ark. 578, 109 S. W. 2d 143; *Humphries* v. *Kendall,* 195 Ark. 45, 111 S. W. 2d 492.

This court has many times approved the above rule and we know of no decision of this court to the contrary. The rule is stated in Corpus Juris as follows: "In ordinary civil actions a fact in issue is sufficiently proved by a preponderance of evidence, and the verdict or finding should be based upon the preponderance of the evidence whether the evidence is direct or circumstantial. Under this rule, a party is not required to prove his case 'beyond

a reasonable doubt,' 'beyond doubt,' 'beyond any doubt,' 'beyond dispute,' 'beyond question,' 'conclusively,' 'to a certainty,' or a 'moral,' 'reasonable,' or "absolute' certainty, 'to the satisfaction of the jury,' or by evidence which is 'clear and unequivocal,' 'positive and conclusive,' or such as to 'satisfy' the jury, or 'exclude the truth of any other theory.' It is not indispensable that his evidence should be even equal to the testimony of one unimpeached witness. All that is required of the party at the outset is to give competent evidence sufficient, if undisputed, to establish the truth of his averments." 23 C. J., 12, *et seq.*

The appellant, to sustain its position, cites and relies on the case of *Malvern Lbr. Co.* v. *Sweeney,* 116 Ark. 56, 172 S. W. 821. In that case, however, the court said that no one saw the deceased when the wheel struck the rise in the floor, the man at the end of the lumber being behind and on the other side of it from him, and it does not appear that he had hold of the wheel at the time. The court further stated: "The testimony does not even show that deceased had hold of the wheel of the truck at the time the other wheel struck the obstruction. The death of deceased could have resulted frop the disease from which he suffered, as well as from the injury claimed to have been inflicted."

In that case, in order to find a verdict against the alleged wrongdoer, it was necessary for the jury to speculate or guess what caused the injury. Appellant copies from the above case a paragraph from Baily on Personal Injury, and while that says the jury cannot surmise and conjecture, it is also said: "There need not be absolute certainty or freedom from reasonable doubt but sufficient must be shown to overcome or more than balance any presumption that other causes may have produced it." 3 Bailey on Personal Injuries, p. 2136.

The rule is clearly stated by this court in the case of *M. & A. Rd. Co.* v. *Johnson,* 115 Ark. 448, 171 S. W. 478, as follows: "We will not reverse the judgment because of the insufficiency of the evidence, for, as we view this evidence, it is not physically impossible that appellee was injured as the result of stepping into an unblocked

frog, although it is highly improbable that the injury was caused in that manner.''

The appellant contends that appellee's injury five years prior to the time of this accident was the cause of her pain and suffering and disability; this, in the face of the fact that the record shows conclusively that after the first injury she not only recovered, but for practically two years had been able to perform all the household duties, milk the cows and work in the field until the injury of August 9, 1940.

The jury is the judge of the question of the amount of damages as well as of the question of liability. The only condition under which this court is permitted to set aside a verdict of a jury because it is excessive is where the evidence is not sufficient to support the amount of the verdict of the jury.

Moreover, the jury was told in instruction No. 2, given at the request of appellant, that appellee was only entitled to recover if she proved by a preponderance of the evidence that appellant was negligent and that she received her injuries as the proximate result of that negligence. In other words, the jury was told that it could not find for her because of any injuries she had received at any other time, but that the preponderance of the evidence must show that her injury was the result of the negligence of the appellant.

Instructions Nos. 2 and 3 given at the request of the appellant are as follows: 2. ''You are instructed that the burden is on the plaintiff to prove by a preponderance of the evidence that defendant, Arkansas-Louisiana Gas Company, was negligent as complained of in her complaint and that she received injuries as the proximate result of that negligence, and unless she discharges that burden your verdict should be for the defendant.''

3. ''You are instructed that even if you find that defendant was negligent, but that plaintiff did not receive any injuries as the result of that negligence, then she is not entitled to recover and your verdict should be for the defendant.''

Even if the evidence showed that appellant had been injured by the Standard Oil Company and was still suffering of that injury, yet if the appellant negligently injured her, she would be entitled to recover from it compensation for such injury. The jury was told plainly that this was the only thing for which she could recover.

The law requires that the jury commissioners shall take an oath not only to faithfully discharge the duties required of them, but that they will not knowingly select any man as a juryman whom they believe unfit and not qualified. Section 8308, Pope's Digest.

The law also provides that jurors shall be of good character, approved integrity, sound judgment and reasonable information, and we must assume that the jurors in this case possessed those qualifications. If they did, they are better able to pass on the facts than are the judges of this court. The jurors see the witnesses, hear them testify, are able to observe their manner on the witness stand, their willingness or unwillingness to testify, and are very much better able to judge of their credibility and the weight to be given to their testimony than are the judges of this court who simply read the printed record. That is one of the reasons why the jury is made the judge of the credibility of the witnesses and the weight of their testimony. The jury not only has the opportunity to observe the witnesses on the stand, but it also has the opportunity to see the party claiming to have been injured, the appellee in this case.

We have reached the conclusion that the case was properly submitted to the jury, and that its verdict, both as to liability and the amount of damages, is conclusive here.

The judgment is affirmed.