Harry G. ROBINSON, Jr., and Miriam Robinson
*v.* Heather Renee ROBINSON

95-763                                              914 S.W.2d 292

Supreme Court of Arkansas
Opinion delivered January 29, 1996
[Petition for Rehearing denied February 26, 1996.]

*Eddie N. Christian* and *Matthew Horan*, for appellants.

*Sam Sexton, Jr.*, for appellee.

DONALD L. CORBIN, Justice. After a jury trial in the Sebastian County Circuit Court, appellants, Harry G. Robinson, Jr., and his spouse, Miriam Robinson, appeal the judgment in favor of their adult daughter, appellee, Heather Renee Robinson, in her suit against Mr. Robinson for willful, intentional and malicious acts of sexual abuse committed against appellee during her minority, and against Mrs. Robinson for negligence in failing to prevent the abuse. Jurisdiction is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(16). For the reasons stated below, we reverse the judgment against Mr. Robinson and remand for retrial, and we reverse and dismiss the action against Mrs. Robinson.

### Reversal of judgment against Mrs. Robinson

Relying upon *Attwood* v. *Estate of Attwood*, 276 Ark. 230, 633 S.W.2d 366 (1982), appellants timely objected at trial to several instructions guiding the jury in its consideration of appellee's negligence claim against Mrs. Robinson. The basis for appellants' objection to the instructions was that, in the absence of willful and wanton conduct by Mrs. Robinson, appellee had no cause of action against her mother. The trial court stated that

Mrs. Robinson's conduct testified to would be willful and wanton and overruled the objection, which appellants now renew on appeal.

In *Attwood*, this court held that a willful tort committed by a parent against his child was beyond the scope of the parental immunity doctrine, thus the doctrine did not preclude a child from suing his parent for willful and wanton conduct. However, the parental immunity doctrine, as announced in *Rambo* v. *Rambo*, 195 Ark. 832, 114 S.W.2d 468 (1938), does bar an unemancipated minor from maintaining an action for an involuntary tort against her parent. The parental immunity doctrine is based upon the rationale that to permit such a suit would interfere with the parent's authority over the child, thereby encouraging disobedience and interfering with family harmony. *Attwood*, 276 Ark. 230, 633 S.W.2d 366. The parental immunity doctrine is the law in this jurisdiction. *Carpenter* v. *Bishop*, 290 Ark. 424, 720 S.W.2d 299 (1986); *Thomas* v. *Inmon*, 268 Ark. 221, 594 S.W.2d 853 (1980). We hold that the doctrine is applicable on the facts of this case where, although appellee had attained her legal age when this action was commenced, she was an unemancipated minor at the time of the alleged tort. *Attwood*, 276 Ark. 230, 633 S.W.2d 366, n.3 & accompanying text.

Negligence was the sole theory for the liability of Mrs. Robinson that was alleged in the complaint and upon which the jury was instructed. Appellee neither amended her complaint nor proffered any jury instruction as to willful and wanton conduct or any theory of intentional tort as an alternative theory of liability for Mrs. Robinson. Because the jury was not instructed on any theory of intentional tort as a basis for Mrs. Robinson's liability, we conclude that the jury's finding of liability was based on a theory of negligence, and, therefore, appellants have demonstrated prejudicial error. *Carpenter*, 290 Ark. 424, 720 S.W.2d 299; *Thomas*, 268 Ark. 221, 594 S.W.2d 853. On this point, we reverse the judgment against Mrs. Robinson and dismiss the action against her.

In light of our dismissal of the case against Mrs. Robinson, we address the remaining points of appeal only as regards the judgment against Mr. Robinson.

*Reversal of judgment against Mr. Robinson*

Mr. Robinson asserts several points of error as regards the form of the judgment, among them that the trial court erred in altering the damages award against him, from the verdict's award of a sum certain in a ten-year trust, subject to reversion in Mr. Robinson, to the final judgment's award of the sum certain outright. We agree and reverse the judgment against Mr. Robinson on this point.

The operative facts are as follows. The jury returned a separate verdict against Mr. Robinson that provided, in pertinent part:

> We, the Jury, find in favor of Heather Renee Robinson Lineberry[1] against defendant Harry Robinson, Jr., and fix damages at one-half of the $4,335.00 already owed, plus half court costs and attorney's fees, and Twelve Thousand Five Hundred ($12,500.00) in a trust fund for psychological and psychiatric therapy, which must be used in ten (10) years or the money goes back to Harry Robinson court-appointed trust.

In addition, the jury awarded punitive damages against Mr. Robinson in the amount of $20,000.00. After the verdict was read, the record reflects that the trial court inquired of the jury if it intended that a trust fund be set up for appellee for her psychiatric-type bills, and that the jurors nodded affirmatively.

The trial court's judgment provided, in pertinent part:

> Based upon such Verdicts, the Court finds that it was the manifest intention of the Jury to compensate the Plaintiff for past and future medical expenses, for costs and attorneys fees, and to award punitive damages. The Court further finds, however, that the Jury had no authority to impose a trust upon the future medical expenses and lacked authority to award attorneys fees.
>
> . . . .
>
> The Court further finds that Plaintiff, Heather

---

[1] After she commenced this lawsuit, appellee married Jed Lineberry.

Renee Robinson, should have and recover of and from the separate Defendant, Harry G. Robinson, Jr., the sum and amount of $34,667.50.

In addition, the judgment added the amount of $1,000.00 in previously-imposed and unpaid sanctions to the judgment against Mr. Robinson, individually, and awarded costs against both appellants, jointly and severally, in the amount of $977.25.

■ It is well-established that the jury is the judge of the question of the amount of damages as well as of the question of liability. *Womack* v. *Brickell*, 232 Ark. 385, 337 S.W.2d 655 (1960); *Arkansas-Louisiana Gas Co.* v. *Campbell*, 203 Ark. 307, 156 S.W.2d 255 (1941). Nonetheless, in fashioning the judgment, " 'the court has the power to put a manifestly irregular or defective verdict in such form as to make it conform to the intention of the jury, and carry their findings into effect, where the intention can be ascertained with certainty.' " *Trailmobile* v. *Robinson*, 227 Ark. 915, 925, 302 S.W.2d 786, 792 (1957) (quoting, with approval, Vol. 89, Corpus Juris Secundum, 198); *accord Traylor* v. *Huntsman*, 253 Ark. 704, 488 S.W.2d 30 (1972). The trial court is not authorized, however, to invade the province of the jury by substituting its conclusion as to a material matter. *Trailmobile*, 227 Ark. 915, 302 S.W.2d 786.

In this case, the jury effectively awarded as little as $0.00 and as much as $25,000.00 for appellee's future medical expenses by imposing a ten-year trust upon the sum of $25,000.00, subject to Mr. Robinson's reversionary interest in any trust amount remaining upon trust termination. The jury confirmed its intention in response to the trial court's inquiry after the verdict was read. The judgment, however, altered the verdict by awarding damages against Mr. Robinson, on an outright basis, in an amount that included the entire $25,000.00 sum. The judgment, therefore, did not conform to the jury's intention, with any certainty, as regards the amount of the damages award for future medical expenses, and, to that extent, the trial court impermissibly invaded the province of the jury to determine the amount of damages.

■ On this point, we reverse the judgment against Mr. Robinson and remand for a new trial that will include both damages and liability issues. *Smith* v. *Walt Bennett Ford, Inc.*,

314 Ark. 591, 864 S.W.2d 817 (1993).

We find Mr. Robinson's other arguments are meritless, but discuss them for the benefit of the trial court to the extent they are likely to arise upon his retrial.

■ Mr. Robinson argues that the $20,000.00 punitive damages award against him individually was erroneous in the absence of a lawful verdict for compensatory damages. In light of the $4,335.00 award for past medical expenses, based on the testimony of Kathleen Kralik, a psychologist, that appellee had an outstanding unpaid bill in that amount for her services, we find the record does not support Mr. Robinson's premise for his argument.

Mr. Robinson argues that it was error to admit certain testimony from Eva Rush, director of the Western Arkansas Counselling and Guidance Center, and Ms. Kralik, both of whom were consulted by appellee regarding her alleged sexual abuse. Mr. Robinson filed a motion in limine seeking to exclude opinion testimony from Ms. Kralik and Ms. Rush as to whether appellee was sexually abused, whether appellee was telling the truth, and whether appellee's statements or conduct were consistent with sexual abuse. The trial court declined to rule on the motion as to Ms. Kralik, but granted the motion as to Ms. Rush.

■ Because the trial court declined to rule on the motion with respect to Ms. Kralik, it was necessary for Mr. Robinson to make a specific objection during the trial to preserve this argument for appeal. *Massengale* v. *State*, 319 Ark. 743, 894 S.W.2d 594 (1995). The record, however, fails to show that any such objection was made.

With respect to Ms. Rush's testimony, Mr. Robinson contends that three statements were erroneously admitted. First, on cross-examination, Ms. Rush testified that appellee stated that she felt "she had to get out of there and things were not getting better." Second, on redirect examination, Ms. Rush testified that her impression of appellee's aforementioned statement was that appellee wanted to get away from her father, not her home. We find no error. Neither of these challenged statements was within the scope of the trial court's exclusionary ruling. Further, we observe that the challenged cross-examination testimony was

drawn out by Mr. Robinson's question to the witness, and, that the challenged redirect examination testimony was properly offered to clarify or rebut other cross-examination testimony elicited by Mr. Robinson from the witness that appellee's "main goal seemed to be getting away from the home."

The third challenged statement was given in direct examination when Ms. Rush testified that it was not an unusual occurrence in rape crisis for a person to want to withhold her name. Prior to that statement, Ms. Rush had testified that appellee had refused to give her last name when appellee had contacted the Center's rape crisis service. Admission of the challenged statement may have violated the trial court's ruling on the motion in limine, but no prejudicial error is demonstrated. Mr. Robinson relies upon our holdings in *Johnson* v. *State*, 292 Ark. 632, 732 S.W.2d 817 (1987), and *Russell* v. *State*, 289 Ark. 533, 712 S.W.2d 916 (1986), to illustrate that prejudicial error occurred. We find this authority unpersuasive on the facts of this case. In *Johnson*, admission of expert testimony on the issue of whether a child's statements were consistent with sexual abuse was held error, pursuant to Ark. R. Evid. 702, because the jury was able to understand and draw its own conclusions without the aid of an expert; no prejudice was demonstrated due to the child's explicit testimony of abuse. Here, it is not contended that Rule 702 was violated or that the jury was fully competent to determine whether appellee's refusal to give her last name to the Center's rape-crisis service was consistent with sexual abuse; in addition, appellee provided explicit testimony of the alleged abuse. In *Russell*, admission of expert testimony on the issue of whether child sexual abuse had occurred was held to be prejudicial error where the testimony was based on nothing but the medical history given to the witness by the child. Here, Ms. Rush's testimony was based on her own personal knowledge of behavior in a rape-crisis center.

For the reasons stated hereinabove, we reverse the trial court's judgment against both appellees. The case against Miriam Robinson is dismissed. The case against Harry Robinson, Jr. is remanded for a new trial that will include both damages and liability issues.