Wayne SPEARS, Individually and as Parent,
Guardian, and Next Friend of Minor Child, Reuben Spears,
and as Parent and Administrator of the Estate
of Rebekah L. Spears and Reuben Spears
*v.* Barbara SPEARS

99-477                                                    3 S.W.3d 691

Supreme Court of Arkansas
Opinion delivered November 11, 1999

*Winona Griffen,* for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *Jane M. Yocum* and *Bruce Munson,* for appellee.

ROBERT L. BROWN, Justice. This appeal involves the parental immunity doctrine, which was applied to this case and which prevented appellant Wayne Spears from suing his ex-wife, appellee Barbara Spears, for negligence. Wayne Spears claims on appeal that (a) the parental immunity doctrine is unconstitutional, (b) the doctrine discriminates against an innocent class of people, and (c) the doctrine violates freedom to contract and public policy. Given the facts of this case and the legal arguments made, we decline to overrule the parental immunity doctrine and affirm the order of the trial court.

On April 11, 1998, Rebekah Spears, age 15, was killed in a car wreck in Jefferson County. Her mother, Barbara Spears, was driving the car in which Rebekah, a passenger, was killed. As a result, Wayne Spears brought a wrongful death action for negligence against Barbara Spears. He sued individually; as parent, guardian, and next friend of his minor child, Reuben Spears; and as the administrator of the estate of Rebekah Spears. He asked for $1,200,000 in damages for her negligence and also sought punitive damages for willful and wanton conduct. He further sought a declaratory judgment to declare the parental immunity doctrine unconstitutional as applied to the minor children in this case.

Barbara Spears answered and pled that the claims in the complaint were barred by parental immunity, that the complaint failed to state a claim for willful and wanton conduct, that the request for punitive damages violated the Arkansas Constitution, and that Wayne Spears was attempting to inject issues of contract into a tort action. She also filed a motion to dismiss the complaint and asserted that no facts were set out in the complaint to sustain a claim of willful and wanton behavior for punitive damages and that the parental immunity doctrine foreclosed a cause of action in negligence. The trial court entered an order granting the motion to dismiss.

Wayne Spears first contends in his appeal that the trial court erred in dismissing his negligence cause of action because the doctrine of parental immunity is unconstitutional. He specifically urges that the doctrine violates the constitutional rights of unemancipated minors to equal protection of the laws under the Fourteenth

Amendment. To support his contention, he mounts a legion of arguments.

First, he points out generally that the parental immunity doctrine is slowly eroding in this country and that the trend is toward partial abrogation of the principle. He observes that in connection with this trend, the doctrine of *spousal* immunity for unintentional torts was abrogated in Arkansas in 1957. *See Leach v. Leach*, 227 Ark. 599, 300 S.W.2d 15 (1957). He argues, in addition, that parental immunity is limited to transactions that are essentially parental and that the operation of a motor vehicle is not an essential parental activity. He notes that one justification for the doctrine is to insure family harmony, but he asserts that in the case of divorced parents, the rationale of family harmony should not prevent an ex-husband from suing an ex-wife for the negligent death of his daughter. He also maintains that while family harmony might prevent a child's suit against a parent for negligence, it should not prevent an action by the estate of a deceased child against a living parent. It is a fiction, he contends, that one family member is suing another family member, when in reality it is one family member suing the insurance company that carried the liability coverage on the other. Finally, he points to the fact that Rebekah died in the car wreck; thus, family harmony between Rebekah and her mother is not an issue.

We initially review the development of the parental immunity doctrine in this state. In 1938, this court first addressed the matter of parental immunity when an involuntary tort was involved. *See Rambo v. Rambo*, 195 Ark. 832, 114 S.W.2d 468 (1938). We held in *Rambo* that an unemancipated minor may not maintain an action for an involuntary tort against his parent in this state. We emphasized that the preservation of family unity and the interest of society in maintaining the character of its homes were policy justifications for the principle.

In 1980, we held that an unemancipated minor may not hold a parent or a person standing *in loco parentis* liable for an involuntary tort committed against him. *See Thomas v. Inmon*, 268 Ark. 221, 594 S.W.2d 853 (1980). In *Thomas*, we said: "We are not persuaded by appellant's contentions that the family immunity doctrine has become a legal anachronism. Nor do we believe that the policy considerations of family harmony and prevention of collusion and fraud are no longer valid." 268 Ark. at 223, 594 S.W.2d at 854.

In *Attwood v. Estate of Attwood*, 276 Ark. 230, 633 S.W.2d 366 (1982), we carved out an exception to the doctrine. There, a father became intoxicated and drove a vehicle, while intoxicated, with his child as a passenger. A car wreck ensued which resulted in the death of the father and injury to the child. The mother, on behalf of the injured child, sued and claimed that the injuries were caused by the willful, reckless and intentional actions of the intoxicated father. We agreed and noted in our opinion that thirteen states had abrogated the doctrine where motor vehicle accidents were concerned. We concluded that the father's actions were willful and that "it is clear that a willful tort is beyond the scope of the parental immunity doctrine as it is applied in Arkansas." 276 Ark. at 238, 633 SW.2d at 370.

In *Carpenter v. Bishop*, 290 Ark. 424, 720 S.W.2d 299 (1986), we repeated that a parent or person acting *in loco parentis* is immune from suit for an *unintentional* injury to his child, but not for an *intentional* injury to his child. In *Carpenter*, the issue was whether a viable fetus born dead after a car accident has a cause of action against a mother who was driving at the time and negligently caused her own death as well as the death of the fetus. We held that the fetus did not. Justice George Rose Smith concurred and said "[t]he doctrine of parental immunity still governs in Arkansas negligence law, but it takes little prophetic ability to realize that the doctrine's life expectancy is short." 290 Ark. at 426-47, 720 S.W.2d at 300.

Most recently, we upheld the doctrine of parental immunity in *Robinson v. Robinson*, 323 Ark. 224, 914 S.W.2d 292 (1996). In *Robinson*, we concluded that the doctrine applied to prevent a cause of action where a daughter sued her mother for negligence in failing to prevent sexual abuse by her father.

We are aware that while some jurisdictions like Arkansas have retained the parental immunity doctrine, other jurisdictions have either abandoned the doctrine totally or recognized a variety of exceptions to it. *See, generally,* Romualdo P. Eclavea, Annotation, *Liability of Parent for Injury to Unemancipated Child Caused by Parent's Negligence - Modern Cases,* 6 A.L.R. 4th 1066 (1981). Nevertheless, Wayne Spears does not present this court with a convincing or cogent argument for overruling its precedent of over sixty years. He states, in conclusory fashion, that thirty states have allowed suits against parents involving automobile accidents but cites no caselaw to support the conclusion and otherwise provides us with a paucity

of cases to warrant changing our common law. We do not overrule our common law cavalierly or without giving considerable thought to the change. *See Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999).

This court has in the past announced its willingness to revisit and reexamine our holdings on a given issue. *See, e.g., Dawson v. Gerritson*, 290 Ark. 499, 720 S.W.2d 714 (1986). By this opinion, we announce our intention to reexamine the parental immunity doctrine at the next appropriate opportunity.

Wayne Spears raises two other points for appeal, neither of which we are able to address. The first is that by preventing minors from bringing suits against family members and their liability carriers, this court has unreasonably discriminated against those minors. Second, he contends that the family member exclusion violates the freedom to contract and the public policy behind mandatory liability coverage. *See* Ark. Code Ann. § 23-89-202 (Repl. 1992). He presents, however, no convincing argument or authority for these propositions but only raises them as conclusory points. We will not address issues on appeal that are not appropriately developed. *See Ellis v. Price*, 337 Ark. 542, 990 S.W.2d 543 (1999). Moreover, we cannot reach these issues because no allegation of Barbara Spears's liability insurance coverage was made in the pleadings before the trial court, and the trial court granted a motion to dismiss based on the pleadings. We do not address issues on appeal which the trial court has had no opportunity to consider. *See Dellinger v. First Nat'l Bank of Russellville*, 333 Ark. 460, 970 S.W.2d 223 (1998).

Affirmed.