Dustin HORTON, By and Through His Mother
and Next Friend, Beverlye Horton
*v.* Tommy E. HORTON

CA 99-1508                         29 S.W.3d 367

Court of Appeals of Arkansas
Division III
Opinion delivered October 25, 2000

*Turbeville Law Firm, P.A.*, by: *Monica L. Mason* and *Richard N. Turbeville*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellee.

JOHN F. STROUD, JR., Judge. Appellant, Dustin Horton, is the unemancipated child of appellee, Tommy Horton. Dustin's next friend is his mother, Beverlye Horton. Beverlye Horton

lives in Texas, as does appellant. Appellee lives in Arkansas. Appellant's complaint alleged a cause of action based on the theory that appellee had negligently entrusted the use of a riding lawn mower to appellant's eighteen-year-old brother and that as a result appellant was injured when he fell from the mower. The injury occurred in Arkansas. Appellee filed a motion to dismiss the complaint based upon the doctrine of parental immunity and the failure to allege facts sufficient to state a cause of action for negligent entrustment. The trial court granted the motion and this appeal followed.

For his sole point of appeal, appellant contends that the doctrine of parental immunity should be overruled to permit an unemancipated minor to recover for injuries caused by the negligence of his noncustodial parent, particularly in light of and to the extent of the availability of liability insurance to that parent. To do so would require that we overrule a long line of supreme court cases, which we are not authorized to do. We therefore affirm.

The continued viability of the doctrine of parental immunity in Arkansas has been acknowledged by the supreme court as recently as 1999, but at the same time the court announced its intention to reexamine the doctrine at the next appropriate opportunity. *Spears v. Spears,* 339 Ark. 162, 3 S.W.3d 691 (1999). In *Spears,* the court traced the history of the doctrine in Arkansas, beginning with *Rambo v. Rambo,* 195 Ark. 832, 114 S.W.2d 468 (1938), and acknowledged that the doctrine has been abandoned by some jurisdictions:

> We are aware that while some jurisdictions like Arkansas have retained the parental immunity doctrine, other jurisdictions have either abandoned the doctrine totally or recognized a variety of exceptions to it. *See, generally,* Romualdo P. Eclavea, Annotation, *Liability of Parent for Injury to Unemancipated Child Caused by Parent's Negligence — Modern Cases,* 6 A.L.R. 4th 1066 (1981). Nevertheless, Wayne Spears does not present this court with a convincing or cogent argument for overruling its precedent of over sixty years. He states, in conclusory fashion, that thirty states have allowed suits against parents involving automobile accidents but cites no caselaw to support the conclusion and otherwise provides us with a paucity of cases to warrant changing our common law. We do not overrule our common law cavalierly or without giving considerable thought to the change. *See Zinger v. Terrell,* 336 Ark. 423, 985 S.W.2d 737 (1999).

> This court has in the past announced its willingness to revisit and reexamine our holdings on a given issue. *See, e.g., Dawson v. Gerritson,* 290 Ark. 499, 720 S.W.2d 714 (1986). By this opinion, we announce our intention to reexamine the parental immunity doctrine at the next appropriate opportunity.

*Spears,* 339 Ark. at 165-166, 3 S.W.3d at 693-94.

■ Appellant's brief to this court presents an exhaustive list of cases from other jurisdictions in making the argument that the time has come to abandon the parental immunity doctrine in Arkansas, if not in its entirety, at least to the extent of the availability of liability insurance. However, with respect to appellant's argument in favor of developing an exception to the doctrine based upon the extent of available liability insurance or the fact that parents are divorced, the abbreviated record in this case does not conclusively establish the fact that appellee had liability insurance or even that the parties are divorced. Accordingly, we affirm the trial court's decision in this case and note that a petition for review may be filed with the supreme court if appellant chooses to do so.

Affirmed.

KOONCE and GRIFFEN, JJ., agree.