Harry McDERMOTT *v.* Teresa Combs SHARP, Omer Combs, and Estate of Omer Albert Combs

07–528                                            267 S.W.3d 582

Supreme Court of Arkansas
Opinion delivered November 8, 2007

Appellant pro se.

No response.

J IM GUNTER, Justice. This appeal arises from an April 2, 2007 order entered against Appellant Harry McDermott by Judge John Lineberger of the Madison County Circuit Court, Probate Division. The probate court quashed the deposition of Omer Combs and ordered McDermott to pay attorney's fees to Combs's estate. Combs, Teresa Combs Sharp, and Combs's estate are listed as Appellees in this matter. We affirm the probate court's rulings.

Combs's daughter, Teresa Combs Sharp, filed a petition alleging that her father was incapacitated and that she should be appointed guardian to manage his person and his estate. McDermott represented Combs in this matter. On November 30, 2005, Judge Michael Mashburn of the Madison County Circuit Court, Probate Division, denied the petition for guardianship over Combs's person, but granted the petition for guardianship over his estate. The probate court explained that the appointment of Sharp over her father's estate was only temporary and would be revisited because there were not "good feelings" between Sharp and Joan Clark, Combs's caregiver. The probate court further stated at the hearing that it found Combs incapacitated to manage his estate or to protect it from the undue influence of Clark, and that he was unable to contract. McDermott asked the court if Combs had the capacity to hire him to continue as Combs's attorney. The court responded that Combs did not have such capacity.

McDermott filed a notice of appeal of the guardianship order to the Arkansas Court of Appeals on December 22, 2005. On March 15, 2006, before the record was lodged with the court of appeals, McDermott filed a motion with the probate court asking that the Bank of Fayetteville be substituted for Combs's daughter as his guardian and as the trustee of the trust. McDermott also asked that he be dismissed as Combs's attorney of record and that the court dismiss all pleadings filed by him from November 23, 2005. The probate court held a hearing involving Combs's guardianship on March 20, 2006, where McDermott asked to be allowed to withdraw as counsel from all cases involving Combs. On March 27, 2006, the probate court released McDermott as counsel for Combs and appointed Lauren Adams as attorney ad litem. The attorney ad litem decided not to pursue the appeal. On April 20, 2006, the probate court denied McDermott any attorneys' fees for his services rendered after the November 23, 2005 incapacity hearing, finding that Combs's incapacity made him

subject to the will of Joan Clark, and that McDermott's legal services performed on behalf of Combs after the incapacity hearing were for the benefit of Clark and not Combs. The probate court reiterated in this order that McDermott was released as Combs's counsel as of March 20, 2006.

On June 15, 2006, despite being released as counsel by the probate court, McDermott filed a brief with the court of appeals on Combs's behalf. On July 6, 2006, the attorney ad litem moved to withdraw the appeal. On July 26, 2006, the court of appeals dismissed the appeal. Sharp then asked the court of appeals to sanction McDermott pursuant to Rule 11 of the Arkansas Rules of Appellate Procedure–Civil. On September 13, 2006, the court of appeals ordered McDermott to pay the attorneys' fees expended in the preparation of the motion to dismiss and the motion for sanctions by the attorney ad litem and Sharp's attorney. Opinions were forwarded to the Committee on Professional Conduct.

On September 22, 2006, the attorney ad litem filed a motion to quash the deposition of Omer Combs. On September 25, 2006, the probate court entered an order quashing the notice of deposition of Combs for the following reasons: (1) that the notice to depose Combs, an incapacitated person, was improper; (2) that the notice falsely stated that McDermott is the attorney for Combs; and (3) that McDermott was not a party or attorney for any party in the action. The probate court further ordered McDermott to pay Combs's estate $100 in attorneys' fees and ordered McDermott to cease and desist from contacting Combs for any purpose. The notice of deposition that the probate court's order quashes is not contained in the record.

The record contains a notice of deposition for Combs and Jo Clark on April 2, 2007, at 1:00 a.m. in the case before the Supreme Court Committee on Professional Conduct. In this notice, McDermott certified that a copy was mailed to Nancie Givens of the Committee on Professional Conduct on March 21, 2007. However, this notice is not file-stamped. On April 2, 2007, at 12:01 p.m., Judge John Lineberger, sitting as probate judge by assignment, entered an order quashing the deposition, ordered McDermott to pay attorney's fees in the amount of $250 and to cease and desist contact with Combs for any purpose. Combs's deposition was taken before the Committee on Professional Conduct on April 2, 2007, at 2:10 p.m. It is from the April 2, 2007 order that McDermott brings this appeal. Appellees in this case have not filed a responsive brief.

On appeal, McDermott argues that (1) the probate court erred in finding that the deposition of Combs in the Supreme Court Ethics Committee case was for an improper purpose; (2) the probate court erred by denying McDermott due process by assessing attorney's fees against him for "improper conduct" on an unverified contempt motion without giving the opportunity to respond; and (3) the probate court erred in finding McDermott in criminal contempt without giving him the opportunity to respond or present a defense, thus denying him due process pursuant to Ark. Code Ann. § 16-10-108(c) (Supp. 2007). We now consider McDermott's appeal.

In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the finding of the probate court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Omni Holding & Dev. Corp. v. C.A.G. Invs., Inc.*, 370 Ark. 220, 258 S.W.3d 374 (2007). We have repeatedly and consistently stated that matters outside of the record will not be considered on appeal, and it is the appellant's burden to bring up a record sufficient to demonstrate that the trial court was in error. *Hudson v. Kyle*, 365 Ark. 341, 229 S.W.3d 890 (2006). Where the appellant fails to meet this burden, we have no choice but to affirm the trial court. *Id.* Further, we will not address issues on appeal that are not appropriately developed. *Spears v. Spears*, 339 Ark. 162, 3 S.W.3d 691 (1999). We will not research or develop an argument for an appellant. *Martin v. Pierce*, 370 Ark. 53, 257 S.W.3d 82 (2007).

We will first address McDermott's argument that the probate court erred in finding that the deposition of Combs scheduled before the Supreme Court Committee on Professional Conduct was improper. Combs's deposition was taken on April 2, 2007, despite the probate court's order filed the same day quashing the deposition. Therefore, we hold that this issue is moot. We do not address moot issues. *Alexander v. McEwen*, 367 Ark. 241, 239 S.W.3d 519 (2006). Thus, we will not address this argument on appeal.

We now will turn to McDermott's contempt arguments, which are misguided. In his brief, McDermott states that "[t]he contempt motion filed by the attorney ad litem on April 2, 2007, was not verified and falsely stated that McDermott's deposition of Omer to contest an ethics complaint was improper." However, the attorney ad litem did not file a motion for contempt,

as alleged by McDermott. On April 2, 2007, Combs, through his attorney ad litem, filed a motion to quash deposition. In that motion, Combs asked that the probate court restrain McDermott from deposing Combs and impose Rule 11 sanctions against McDermott for violation of a September 21, 2006 order that McDermott cease and desist from contacting Combs. Specifically, Combs requested that the probate court quash the deposition, award $250 in attorney's fees, and order McDermott to cease all contact with Combs. That same day, the probate court granted Combs's requests. Contrary to McDermott's argument, Combs did not file a motion for contempt, but rather filed a motion to quash deposition that contained a request for sanctions pursuant to Rule 11. The probate court did not enter an order of contempt against McDermott. Nonetheless, Appellant specifically argues contempt on appeal, and does not develop an argument regarding the Rule 11 sanctions. Because he did not do so, we will not research or develop a Rule 11 argument for Appellant. *See Martin, supra.* Accordingly, we affirm the probate court's ruling.

Affirmed.