Gerald MULDOON and Vivian Muldoon  *v.*  Karen MARTIN,
in Her Capacity as Pope County Tax Assessor;  Pope County;
City of Russellville;  and Russellville School District

CA 07-1337                                    286 S.W.3d 201

### Court of Appeals of Arkansas
Opinion delivered August 27, 2008

*Orvin W. Foster*, for appellants.

*Newell & Hargraves*, by: *Jacob M. Hargraves*; and *William F. Smith, III*, City Attorney, for appellees.

JOHN B. ROBBINS, Judge. This case involves appellants' attempt to recover approximately twenty-five years' worth of property taxes paid on three parcels of land in Pope County. We reverse and dismiss for lack of subject-matter jurisdiction.

In the 1970s, Pope County certified three tracts of land as tax-delinquent and forfeited the property to the State. Appellants purchased the land from the State Land Commissioner in approximately 1977. They obtained tax deeds and paid taxes on the property through 2002. In 2003, the county notified appellants that it had erroneously certified the land. Appellants' tax deeds were canceled, and the county offered to reimburse appellants for taxes paid between 1999 and 2002. Appellants rejected the offer and brought this action in circuit court to recover all taxes paid

since 1977. The circuit court limited appellants' recovery to $82.53 paid in the three years before suit was filed. Appellants bring this appeal.

Arkansas Constitution article 7, section 28 provides that county courts have exclusive original jurisdiction in all matters relating to county taxes. *See also* Ark. Code Ann. § 14-14-1105(b)(1) (Repl. 1998). A circuit court may hear a suit challenging the *legality* of county taxes, such as an illegal-exaction suit, but a claim alleging a flaw in assessment or erroneous collection belongs in county court. *See Villines v. Pulaski County Bd. of Educ.*, 341 Ark. 125, 127-28, 14 S.W.3d 510, 512 (2000); *Pockrus v. Bella Vista Village Prop. Owners Ass'n*, 316 Ark. 468, 471-72, 872 S.W.2d 416, 417-18 (1994); *McIntosh v. Sw. Truck Sales*, 304 Ark. 224, 226, 800 S.W.2d 431, 432-33 (1990).

Appellants do not assert that the taxes they paid were illegal. Rather, they allege that an erroneous assessment occurred, for which they seek a refund. Therefore, under the above authorities, the circuit court was without jurisdiction and appellants' claim should have been filed in county court. *See also* Ark. Code Ann. § 26-35-901 (Repl. 1997 & Supp. 2007) (providing that, upon proof of an erroneous assessment, the county court shall make the refund order). Even though this jurisdictional issue was not raised below, subject-matter jurisdiction is always open and may be challenged for the first time on appeal. *See Cincinnati Ins. Co. v. Johnson*, 367 Ark. 468, 472, 241 S.W.3d 264, 267 (2006).

Because the circuit court lacked jurisdiction, this court also lacks jurisdiction. *See Koonce v. Mitchell*, 341 Ark. 716, 719, 19 S.W.3d 603, 605 (2000). Accordingly, we must reverse and dismiss the appeal. *Id.*

Reversed and dismissed.

GRIFFEN and VAUGHT, JJ., agree.