BBAS, INC. d/b/a S & R Equipment, and J. Burel Schaberg *v.* MARLIN LEASING CORPORATION

CA 08-531                                                                289 S.W.3d 153

Court of Appeals of Arkansas
Opinion delivered November 12, 2008

*Milligan Law Offices*, by : *Phillip J. Milligan*, for appellants.

*Jack Nelson Jones Fink Jiles & Gregory, P.A.*, by: *Tony A. Dicarlo, III*, and *John W. Fink*, for appellee.

D AVID M. GLOVER, Judge. Appellee, Marlin Leasing Cor-poration, purchased $20,000 of restaurant equipment by

check from appellant BBAS, Inc. d/b/a S&R Equipment. Appellant J. Burel Schaberg, the primary shareholder of S&R Equipment, dealt with appellee in the sale/purchase of the equipment. Appellee purchased the equipment in furtherance of an equipment-lease contract between appellee and an entity known as Wings-N-Things (WNT), together with its partners, none of whom are parties to this action, for use in WNT's restaurant operation. When WNT defaulted on its equipment lease, appellee tried to repossess the property but learned in the process that WNT had only received $2,578.30 worth of the contemplated equipment and that it had received a "refund" of the $17,421.70 balance from S&R Equipment.

Appellee filed an original complaint against appellants for fraud, but the complaint was amended on April 23, 2007, to assert a cause of action for conversion when appellee learned that S&R Equipment gave the refund to WNT, rather than returning it to appellee. On August 31, 2007, appellee filed its motion for summary judgment, contending that there were no genuine issues of material fact, and that those facts established conversion of the $17,421.70 by appellants. Both responsive and reply briefs were filed, and a hearing on the motion was held on February 1, 2008. Following the hearing, the trial court granted summary judgment to appellee and ordered both appellants to submit schedules of real and personal property. In doing so, the trial court noted that additional discovery would have no effect on the granting of summary judgment. On February 13, 2008, appellants filed a motion to reconsider, and on February 28, 2008, the appellants filed their notice of appeal from the trial court's February 5, 2008 order granting summary judgment. The notice of appeal was not amended to appeal from the deemed denial of their motion to reconsider. Consequently, our review does not encompass the motion to reconsider.

Appellants contend in this appeal that the trial court erred in granting summary judgment because 1) they breached no duty to appellees, 2) there were factual issues of whether appellants were liable for conversion or damages, 3) appellant J. Burel Schaberg did nothing of a personal nature to subject himself to individual liability, and 4) discovery was continuing. We affirm summary judgment with respect to the corporate appellant, BBAS, Inc. d/b/a S&R Equipment, but reverse with respect to the individual appellant, J. Burel Schaberg.

*Standard of Review*

Summary judgment may be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Lee v. Martindale*, 103 Ark. App. 36, 286 S.W.3d 169 (2008). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* On appeal, we need only decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* In making this decision, we view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

### I. Appellants breached no duty to appellees.

For their first point of appeal, appellants contend that they had no contractual, legal, or fiduciary duty to appellee and that without a duty and a breach thereof, the trial court erred in finding them liable for the tort of conversion. Appellants did not raise this specific argument below and therefore our discussion of the issue is limited to whether the trial court erred in concluding that the elements of conversion had been demonstrated by appellee. We find no basis for reversal.

Conversion is defined as:

> the exercise of dominion over property in violation of the rights of the owner or person entitled to possession. Conversion can only result from conduct intended to affect property. The intent required is not conscious wrongdoing but rather an intent to exercise dominion or control over the goods that is in fact inconsistent with the plaintiff's rights.

*Alvarado v. St. Mary-Rogers Mem'l Hosp.*, 99 Ark. App. 104, 108, 257 S.W.3d 583, 587 (2007). Thus, the "duty" imposed by law upon appellants, if it is to be discussed in those terms, would simply be *not* to exercise dominion over property in violation of the rights of the owner or person entitled to possession.

Here, the undisputed facts revealed that S&R Equipment submitted an invoice to appellee for $20,000 of equipment; that appellee paid S&R Equipment $20,000; that only $2,578.30

worth of equipment was actually delivered to WNT by S&R Equipment; and that S&R Equipment refunded the $17,421.70 balance to WNT, rather than to appellee.

Appellants contend that once appellee's check was delivered to them, dominion over those monies was surrendered to appellants, *i.e.*, that any rights to those monies were relinquished by appellee, despite the fact that only $2,578.30 worth of equipment was actually delivered to WNT. In making their argument that appellee had relinquished its rights to the monies at issue, appellants contend that Mr. Schaberg believed he was authorized to refund the money to WNT. However, the only support they give for that assertion is that appellee failed to instruct him "as to what to do if the lessee changed an order after payment" by appellee. This argument is not convincing to us, and appellants have cited no legal authority demonstrating that this argument should prevail. The sale of equipment was between S&R Equipment and appellee. Accordingly, the refund amount of $17,421.70 rightfully belonged to appellee, not WNT. By giving the money to WNT, S&R Equipment exercised dominion or control over the money that was in fact inconsistent with appellee's rights to it.

## II. There were factual issues of whether appellants were liable for conversion or damages.

For their second point of appeal, appellants first contend that because conversion is an intentional tort, "one must determine whether the alleged tortfeasors had a necessary scienter, namely whether they intentionally and wrongfully took funds belonging to another." They argue that their actions of refunding the money to WNT were not wrongful. In making this argument, they reiterate positions that they took under their first point of appeal. In addition, they expand and change the nature of the arguments that were actually made to the trial court.[1] A party cannot change his argument on appeal. *Dugal Logging, Inc. v. Arkansas Pulpwood Co.*, 66 Ark. App. 22, 988 S.W.2d 25 (1999). It is well settled that an appellant may not change the grounds for objection on appeal, but is limited by the scope and nature of his or her objections and arguments presented at trial. *Southern College of Naturopathy v. State*, 360 Ark. 543, 203 S.W.3d 111 (2005). Therefore, our discussion

---

[1] For example, appellants make an agency argument in this appeal that was not made below.

of this point is limited to the issues that were before the trial court and that have not been previously discussed in this opinion.

■ Conversion is a common-law tort action for the wrongful possession or disposition of another's property. *Schmidt v. Stearman*, 98 Ark. App. 167, 253 S.W.3d 35 (2007). The tort of conversion is committed when a party wrongfully commits a distinct act of dominion over the property of another that is inconsistent with the owner's rights. *Id.* The intent required is not conscious wrongdoing but rather an intent to exercise dominion or control over the goods that is in fact inconsistent with the plaintiff's rights. *Id.* A person can be held liable to the true owner of stolen personal property for conversion notwithstanding that he or she acted in the utmost good faith and without knowledge of the true owner's title. *Id.* In discussing the tort of conversion, the Restatement (Second) of Torts provides the following pertinent illustration: "1. On leaving a restaurant, A *by mistake* takes B's hat from the rack, believing it to be his own. . . . And as A reaches the sidewalk and puts on the hat a sudden gust of wind blows it from his head, and it goes down an open manhole and is lost. This is a conversion." § 222A (1965) (emphasis added). In this illustration, A clearly takes B's hat by mistake, *i.e.*, he intends no wrongdoing, yet conversion is nevertheless established under those facts. Therefore, the fact that appellants here did not directly benefit from the conversion is not material in determining whether they converted the funds. *Reed v. Hamilton*, 315 Ark. 56, 864 S.W.2d 845 (1993) (an act of conversion may occur even when the alleged converter derives no personal benefit from the transfer).

■ Appellants next contend under this point that they were promised that there would be no recourse against them, as vendors, if WNT defaulted on the equipment lease with appellee. Schaberg's affidavit included as an attachment a document obtained from appellee, which provided in pertinent part: "Marlin Leasing Corp. offers effective, simple, point-of-sale financing programs to assist in closing sales and increasing profits. Marlin Leasing specializes in transactions from $1,000 to $150,000 and there is *no recourse* back to the vendor." (Emphasis added.) Appellants argue that this promise raises a material question of fact that should have prevented the award of summary judgment. We dispose of the argument quickly by noting that the language seems to clearly envision a situation in which a vendor would be paid for

any equipment the vendor provided to a lessee, regardless of whether the lessee defaulted with the lessor. Here, what happened was that appellants did *not* deliver the invoiced equipment to WNT for which appellants had received money from appellee — yet appellants refunded the money for the undelivered equipment to WNT rather than to appellee. In short, appellants did not provide sufficient proof to support their position regarding this "no-recourse" language to defeat the motion for summary judgment. Moreover, as will be discussed under Point IV *infra*, appellants' assertion of necessary discovery on this issue came in a motion to reconsider, which is not the subject of this appeal.

### III. Appellant J. Burel Schaberg did nothing of a personal nature to subject him to individual liability.

Appellants' third point of appeal challenges the trial court's grant of summary judgment against both appellants, S&R Equipment and J. Burel Schaberg, individually. We hold that the trial court erred in finding Schaberg individually liable.

Appellant Schaberg denied individual liability from the outset of this cause of action. Paragraph 4 of appellants' answer to appellee's first amended complaint provided: "Defendants deny the material allegations contained in Paragraph 4 to the extent Paragraph 4 attempts to identify Schaberg as an agent of S&R Equipment and as an effort to establish personal liability of Defendant Schaberg." Nothing in appellee's motion for summary judgment, nor its supporting materials, satisfied appellee's initial burden of demonstrating Schaberg's personal liability. *Lee, supra.* Consequently, the trial court erred in granting summary judgment against J. Burel Schaberg, individually.

### IV. The trial court erred in granting summary judgment since discovery was continuing.

For their final point, appellants, in opposition to the trial court granting summary judgment against S&R Equipment company, argue that discovery was ongoing and that the trial court acted prematurely. We disagree.

When the appellants made this argument to the trial court during the hearing on the motion for summary judgment, the trial court specifically asked, "What discovery do you want to do, and how long would it take, and how would it affect you?" Appellants

candidly acknowledged uncertainty about whether discovery would affect the issue of summary judgment. They specifically stated that they needed to explore and find out who in appellee's offices was available for a deposition "to determine if they received anything back and maybe what efforts have been made on receiving back from the sureties on these contracts with Wings and Things. Maybe there is an offset, or maybe they have received some of the benefits from it." The trial court responded: "It could affect the damages issue." Although appellants initially agreed, the hearing concluded with appellants stating that they could not imagine that there was going to be anything that they could obtain with regard to the issue of a material fact question that would go to damages. More importantly, they do not raise the offset argument in their appeal to this court.

■ In this appeal, appellants acknowledge that when asked by the trial court, they were not able to "delineate precise names" but that shortly thereafter, in the motion to reconsider, they stated that upon reflection they wished to depose two individuals, Kirk Myers of WNT and a representative of appellee. They explained in that motion that the deposition of the company representative was needed with respect to the "no recourse" promise and that Myers's deposition was needed to establish appellee's knowledge of Myers's decision to purchase elsewhere the equipment originally bid by appellants. Thus, at the conclusion of the hearing on the motion for summary judgment, the only possible discovery asserted by appellants dealt with the possible offset of damages, and appellants do not pursue that argument in this appeal. The discovery that appellants do argue in this appeal was asserted below only in the motion to reconsider, which we cannot address because it is not the subject of this appeal.

Affirmed in part; reversed and remanded in part.

ROBBINS and HEFFLEY, JJ., agree.