2009 Ark. App. 549

**Norma FERGUSON, Appellant,**

v.

**Larry James FERGUSON, Executor of the Estate of L.J. Ferguson, Appellee.**

**No. CA 08–1260.**

Court of Appeals of Arkansas.

Sept. 2, 2009.

Compton, Prewett, Thomas & Hickey, LLP, by: Floyd M. Thomas, Jr., El Dorado, for appellant.

Wright, Berry, Hughes & Moore, by: Rodney P. Moore Arbin, Arkadelphia, for appellee.

LARRY D. VAUGHT, Chief Judge.

In a Texas probate proceeding, appellant Norma Ferguson obtained a $106,952.35 judgment against her late husband's estate for attorney fees and expenses. The executor of the Texas estate, appellee Larry Ferguson, did not pay the judgment. As a result, Norma filed several proceedings in Hempstead County, Arkansas, where her husband had owned real property, and asked the Hempstead County Circuit Court to order certain Arkansas property sold, with the proceeds going to satisfy her Texas judgment. The court refused to do so, and Mrs. Ferguson filed this appeal, arguing that the court's refusal was error. On cross-appeal, executor Larry Ferguson argues that the circuit court lacked jurisdiction to hear the proceedings below. We affirm on direct appeal and cross-appeal.

Norma Ferguson married L.J. Ferguson in 1993. They resided in Texas, but L.J. also owned land in Arkansas. The record indicates that two of L.J.'s Arkansas tracts were his separate property and that a third tract, consisting of 106.5 acres, was acquired during his marriage to Norma. In 1994, L.J. executed a will that devised the Texas marital homestead to Norma and the remainder of his real-estate interests, including the Arkansas property, to the children of his first marriage, Larry Ferguson, Lyle Ferguson, and Virginia Ferguson Letchworth. The will named Larry Ferguson as executor.

L.J. died in 1998, and his will was admitted to probate in Texas. The Texas probate court presided over a dispute concerning Norma's entitlement to the Texas homestead property and certain personalty, and the parties initially settled their differences. However, an additional dispute arose over the scope of the settlement. The Texas probate court ruled against Norma in the dispute, but an appellate court reversed and remanded. *Ferguson v. Ferguson,* 111 S.W.3d 589 (Tex.App.2003). Upon remand, the probate court awarded Norma $106,952.35 in attorney fees and expenses against the Texas estate.

While the Texas litigation was pending, Larry Ferguson filed a petition in Hempstead County, Arkansas, to probate L.J.'s will as a muniment of title to the Arkansas realty. On October 10, 2000, the probate court granted the petition without appointing a personal representative or otherwise administering an Arkansas estate and closed the proceeding pending the filing of the requisite notices. However, following the Texas court's attorney-fee award of June 2004, Norma filed pleadings in the Arkansas probate case, and she instituted two other actions in Hempstead County in an attempt to recover on the Texas judgment. In the probate case, Norma asked the court to appoint her as executrix, to award her a one-half interest in the 106.5 acres, and to sell the tract to satisfy her $106,952.35 Texas attorney-fee award. In the other actions, Norma asked the Hempstead County Sheriff to levy the Arkansas property and schedule it for sale, and she petitioned the circuit court to, among other things, perfect her title to one-half interest in the 106.5 acres and to sell the property, dividing the proceeds one-half to her and one-half to Larry, Lyle, and Virginia.

In a 2007 order, the Hempstead County Circuit Court consolidated the three actions and declared the 106.5–acre tract to be community property owned "in the undivided one-half" by Norma and in the other half by Larry, Lyle, and Virginia (one-sixth to each of them). The court then ordered the tract appraised, after which the parties had thirty days to divide the property in kind or otherwise settle their issues with respect to the property. The court stated that, if no settlement could be reached, it would order a public sale of the property.

Approximately one year later, the property remained unsold, and the parties returned to court. The court addressed what appeared to be the sole remaining issue with respect to the 106.5–acre tract: whether the sale proceeds could be used to satisfy Norma's Texas judgment. After hearing testimony from Larry Ferguson that he had not paid the $106,952.35 because there were no assets remaining in the Texas estate, the court ordered the 106.5 acres sold. However, the court ruled that "the assets of the estate that are administered in Arkansas shall not be used to satisfy a judgment from Texas." Norma appeals from that ruling and argues that the circuit court erred in refusing to order Larry Ferguson to sell Arkansas land to pay the Texas attorney-fee judg-

ment.[1]  Executor Larry Ferguson argues on cross-appeal that the Hempstead County Circuit Court lacked subject-matter jurisdiction to make any rulings with regard to the 106.5 acres.  Because the cross-appeal presents an issue of subject-matter jurisdiction, and consequently, affects this court's power to hear the appeal, *Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996), we address the cross-appeal first.

### Cross–Appeal—Subject–Matter Jurisdiction

■ Cross-appellant argues that the circuit court lacked jurisdiction to order the sale of the 106.5 acres and, consequently, lacked jurisdiction to order payment of the attorney-fee award from the proceeds of a sale.  In the proceedings below, cross-appellant accepted the property division and did not object to the property's sale.  Ordinarily, he would be barred from asserting an argument on appeal that he did not make at the trial level.  *See generally BBAS, Inc. v. Marlin Leasing Corp.*, 104 Ark.App. 63, 289 S.W.3d 153 (2008).  However, to the extent that his argument raises questions of subject-matter jurisdiction, such questions are always open and may be challenged for the first time on appeal.  *Muldoon v. Martin*, 103 Ark.App. 64, 286 S.W.3d 201 (2008).

■ Cross-appellant argues that the circuit court lacked jurisdiction because only a probate court has the power to approve claims submitted for payment from a decedent's estate.  Our law prior to July 1, 2001, made a distinction between circuit and probate courts.  However, that distinction was abolished by Amendment 80 to the Arkansas Constitution.  Amendment 80, which was in effect when the circuit court ruled on the matters now at issue, merged circuit and chancery courts into circuit courts so that circuit courts would have jurisdiction over all matters previously cognizable in circuit, chancery, probate, and juvenile courts.  *See Smith v. McCracken*, 96 Ark.App. 270, 240 S.W.3d 621 (2006).  The circuit judge in this case was therefore empowered to hear all matters within the jurisdiction of a circuit court, which included probate matters.[2]

■ Cross-appellant also contends that because the probate division in this case was the first to exercise jurisdiction over the Arkansas property the circuit division lacked authority to adjudicate any interests in the property.  *See Marsh v. Marsh*, 230 Ark. 59, 320 S.W.2d 754 (1959) (holding that, when courts have concurrent jurisdiction, the court that first acquires jurisdiction has the right to adjudicate the matter at issue).  This argument does not persuade.  Following Amendment 80, the question of whether one division may rule on a matter already decided by another division is not an issue of subject-matter jurisdiction—both divisions have subject-matter jurisdiction.  *See Foster v. Hill*, 372 Ark. 263, 275 S.W.3d 151 (2008).  The question is simply whether one division may usurp another's authority in addressing a particular matter.  *See Edwards v. Nelson*, 372 Ark. 300, 275 S.W.3d 158 (2008).  Because no issue of subject-mat-

---

1.  Virtually all probate orders are appealable, with certain exceptions not applicable here. Ark.Code Ann. § 28–1–116(a) and (b) (Repl. 2004); Ark. R.App. P. Civ. 2(a)(12) (2009). *Taylor v. Hamilton*, 90 Ark.App. 235, 205 S.W.3d 149 (2005). Where an order includes findings regarding probate matters, the appellate court will consider it an appealable or-

der. *See Carmody v. Raymond James Fin. Servs.*, 373 Ark. 79, 281 S.W.3d 721 (2008).

2.  Cross-appellant cites *Kidwell v. Rhew*, 371 Ark. 490, 268 S.W.3d 309 (2007), where our supreme court stated that a probate court is a court of special and limited jurisdiction. The court's statement is general in nature and refers to pre-Amendment 80 cases.

ter jurisdiction is presented on this question, cross-appellant may not raise it for the first time on appeal. In any event, the circuit court in this case ultimately consolidated the actions from all divisions, both probate and circuit, into the present case.

Cross-appellant also claims that the circuit court lacked jurisdiction to rule on the ownership of the Arkansas property because the probate court had issued a final order in November 2000, closing the estate and distributing the Arkansas property. However, the November 2000 order did not administer an estate, distribute property, or close an estate. It simply allowed L.J.'s will to be probated as a muniment of title, then closed that particular proceeding. These facts distinguish the present case from *Bender v. Bean*, 52 Ark. 132, 12 S.W. 180 (1889), cited by cross-appellant, where the supreme court held that an attempt to distribute the property of an estate after closure of administration and the discharge of the administrator was ineffective. Here, there was no closure of an administered estate. In fact, Norma filed pleadings in the probate case in 2001 and 2007, and the record indicates that the circuit court appointed Larry Ferguson as executor of the decedent's Arkansas estate in 2008. Thus, the administration of the Arkansas estate was not closed but was ongoing.[3]

We therefore conclude that the circuit court had jurisdiction to act, and we affirm on cross-appeal.

### Direct Appeal—Payment of the Texas Judgment

On direct appeal, appellant argues that the circuit court erred in refusing to order executor Larry Ferguson to pay her administrative claim for attorney fees, as awarded by the Texas court, and refusing to sell sufficient Arkansas land to pay the judgment. Appellant points out that Arkansas law permits claims for expenses of administration to be paid out of estate assets, *see* Ark.Code Ann. §§ 28–50–106(a)(1) and–113(c) (Repl.2004), and she contends that the Texas judgment awarding fees and expenses is res judicata and entitled to full faith and credit in an Arkansas court. *See generally Amant v. Callahan*, 341 Ark. 857, 20 S.W.3d 896 (2000). While appellant's argument could be well taken in some contexts, it does not apply here.

Arkansas law considers the estates of a decedent in separate jurisdictions as restricted in their operations. A grant of administration in a foreign state does not embrace the assets of a decedent in Arkansas. *See Miller v. Oil City Iron Works*, 184 Ark. 900, 45 S.W.2d 36 (1931). Accordingly, the foreign state's judgment is entitled to full faith and credit in Arkansas only so far as it concerns property in the foreign state. *See Estate of Torian v. Smith*, 263 Ark. 304, 564 S.W.2d 521 (1978). The foreign judgment is not entitled to full faith and credit or a res judicata effect on matters pertaining to the Arkansas assets of a decedent. *Id.,*564 S.W.2d 521.

The Arkansas Supreme Court has consistently considered the administration of a decedent's estate in another state to be wholly independent of an Arkansas estate. In *Turner v. Risor*, 54 Ark. 33, 15 S.W. 13 (1890), the decedent owned property in Arkansas and Louisiana. A Louisiana resident recovered a judgment on a claim against the Louisiana estate. Our supreme court held that the claimant's pres-

entation of the claim in Louisiana was not the same as presenting it in Arkansas. The court expressly rejected the idea that the estates in both states constituted one entity and stated that a judgment obtained against one estate furnished no right of action against the other estate to affect assets received by the latter.

In *Torian, supra*, the decedent owned property in Arkansas and Mississippi. The probate court in Mississippi issued a ruling regarding payment of estate taxes on the will's devises. The Arkansas probate court refused to apply the Mississippi ruling to the Arkansas estate. Our supreme court affirmed, ruling that the Mississippi decision was entitled to full faith and credit only so far as it concerned property situated in Mississippi. Further, in *Amant*, our supreme court recognized that an award of fees by an Oklahoma probate court was entitled to full faith and credit and could not be altered by an Arkansas court because the Oklahoma order "concerned disposition of the [decedent's] real property located in Oklahoma over which only the Oklahoma court had *in rem* jurisdiction." *Amant*, 341 Ark. at 862, 20 S.W.3d at 899. *See also Kyle v. Ribelin*, 188 Ark. 264, 65 S.W.2d 46 (1933). Texas courts are in accord with Arkansas. A claim against an estate in Texas is a judgment in rem and operates only on the assets over which the court has jurisdiction. *See* 29 Tex. Jur.3d *Decedents' Estates* § 562; *Reily v. Hare*, 280 S.W. 543 (Tex. Comm'n App.1926).

Norma cites the United States Supreme Court case of *Carpenter v. Strange*, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640 (1891), for the proposition that a judgment against an executrix in one state binds the executrix in another state. The Court in *Carpenter* ruled that an executrix in New York was in privity with the testator and that, when she was later appointed executrix in Tennessee, she was bound by a New York judgment. However, *Carpenter* differs from the case at bar because *Carpenter* dealt with a judgment obtained by a creditor of the testator, rather than a judgment obtained against an estate for administrative fees and expenses. While the ruling in *Carpenter* could, under some circumstances, allow a judgment that has its origins in a claim against a testator to travel to wherever the testator's property was situated, that is not equally true of a judgment for fees and expenses incurred in the administration of a particular estate. Norma also notes that some legal commentators have opined that laws such as Arkansas's regarding the separate identities of decedents' estates in different states, should be abandoned. Norma urges us to disregard or overrule our case law on this basis, but this court does not have the authority to overrule supreme court cases. *See Horton v. Horton*, 71 Ark.App. 251, 29 S.W.3d 367 (2000).

For these reasons, we affirm the circuit court's order.

Affirmed on direct appeal and cross-appeal.

PITTMAN and GLADWIN, JJ., agree.

