2011 Ark. 408

**Howard CURRY, Appellant,**

v.

**POPE COUNTY EQUALIZATION BOARD and Karen Martin, Tax Assessor, Appellees.**

No. 10–1297.

Supreme Court of Arkansas.

Oct. 6, 2011.

Taylor & Taylor Law Firm, P.A., by: Tasha Taylor and Andy Taylor, Little Rock, for appellant.

The Coutts Law Firm, P.A., by: James V. Coutts, Russellville, for appellees.

JIM GUNTER, Justice.

Appellant appeals the circuit court's order finding that improvements made to appellant's property prior to his sixty-fifth birthday were "substantial improvements" within the meaning of amendment 79 to the Arkansas Constitution and that appellees would be allowed to include these improvements in the assessment of appellant's property. On appeal, appellant asserts that the circuit court erred in its interpretation and application of amendment 79. Because this case involves the interpretation or construction of the Constitution of Arkansas, this court has jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(a)(1)(2001). We affirm.

On October 4, 2007, appellant filed a petition in the Pope County Court contesting the $124,600 property-value assessment of his property made by the Pope County tax assessor. Appellant contended that the assessment was arbitrary, unreasonable, and out of proportion to the valuation placed on other property similarly situated, and requested a reduction in valuation to $97,050. In addition, appellant also asserted that the tax assessor may have incorrectly assessed his home in violation of amendment 79 to the Arkansas Constitution.

A hearing was held before the Pope County Court on October 31, 2007. At the hearing, the judge noted that he would be ruling only on the lowering of the assessment and not the amendment 79 issue. On November 13, 2007, the county court issued an order that the assessed value of the property should be $118,600. Appellant filed an appeal from this order on December 13, 2007, by timely filing the record from the county court proceeding with the Pope County Circuit Court.

On September 19, 2008, a pretrial hearing was held in the circuit court. At this hearing, the parties and the court discussed the implications of *Muldoon v. Martin*, 103 Ark.App. 64, 286 S.W.3d 201 (2008), which had recently been decided. In *Muldoon*, the court of appeals reversed and dismissed an appeal brought from a circuit-court decision regarding an erroneous tax assessment because the circuit court did not have jurisdiction. The opinion explained that a circuit court may hear a suit challenging the legality of county taxes, such as an illegal-exaction suit, but a claim alleging a flaw in assessment or erroneous collection must be brought in county court. Based on this decision, and to avoid any problems with the court's jurisdiction to hear all of appellant's claims, the parties and the court decided

that the best course of action was for appellant to file a direct action in the circuit court that was limited to the amendment 79 issues and to merge that case with appellant's appeal in circuit court of the county court's order of assessment.

Per that agreement, appellant filed a petition for declaratory relief and injunction in the Pope County Circuit Court on December 19, 2008, asserting that the tax assessor and the Pope County Equalization Board were assessing his property at an amount higher than that permitted under amendment 79. Appellant alleged that certain practices of the assessor and the equalization board were prohibited by amendment 79 and sought an injunction prohibiting the assessor or the equalization board from continuing to implement these practices. Appellees filed an answer on January 21, 2009, alleging that, prior to appellant's sixty-fifth birthday, he had made substantial additions and improvements that required the property to be reassessed according to the terms of amendment 79.

A bench trial was held on July 27, 2009, at which both cases—the assessment-value case and the amendment 79 case—were tried before the court. Several stipulations were made prior to any testimony being offered, including the fact that: (1) appellant's sixty-fifth birthday was on January 24, 2005; and (2) the assessment in effect on that date, which was the assessment for 2004, showed a property value of $74,650. Appellant testified that he believed that, under amendment 79, the 2004 property value should be the governing value for the assessment and taxation of his real estate. He testified that the last improvements he had made to his property, which included adding over five hundred square feet to his home, were completed in the summer of 2004, seven months prior to his sixty-fifth birthday.

Appellant testified that when he received his 2007 assessment, he became aware that the county was increasing his property value to approximately $124,000 from a previous value of $97,000, and appellant contended that both figures were wrong. Appellant testified that the assessor explained to him that the increase was based on newly-discovered property that had not been previously assessed. Appellant testified that he did not believe the improvements made to his property met the definition of "substantial improvements" as defined by the Assessment Coordination Department (ACD) and that amendment 79 did not permit the inclusion of newly discovered property because, in subsection (d), newly discovered property is not listed as an exception.

On cross-examination, appellant stated that he called the assessor's office in June 2004 to notify them of the additions to his property and that he was told it would be picked up in his next assessment. He recalled receiving his assessed value in July 2005, and noticed an increase, which he thought was the result of the improvements. But in 2007, he discovered that the 2005 increase was based on a neighborhood-factor increase and had nothing to do with his improvements. The 2005 assessment increased his property value from $74,650 to $97,050.

Appellee Karen Martin, the Pope County Tax Assessor, testified that the tax assessor's office worked in a three-year cycle and that reappraisals were done in 2002, 2005, and 2008. In 2006 and 2007, according to Martin, only new construction notices were sent out. Martin testified that in 2005, the appraisal for appellant's property value was $97,050 and that in 2007, the appraisal was $124,600. She testified that the difference was the "newly discovered, new construction, whichever you want to call it, that we picked up." Martin explained that any changes that happen after January 1 for a given year do not get picked up until the assessment for the next year, and that in the present case, the appraisers evaluated property in December 2003 for the 2005 cycle. Martin testified that the notices went out in July of 2005 but were effective on January 1, 2005, based on Ark.Code Ann. § 26–34–101 (Repl.1997).[1] So, in the present case, Martin testified, the "freeze" value would be the 2005 value, because on January 1, 2005, appellant was not yet sixty-five years old.

Martin explained that the value on January 1, 2005, did not include the additions and improvements at issue because when the appraiser was there in December 2003, the improvements had not been completed. She also explained that the appraisers did not go back out to appellant's property until May 2007, and that is when the improvements were picked up on the assessment. The improvements increased the assessed value from $97,050 to $124,600. She also explained that the 2005 assessment value was increased in part due to the location factor, because 2005 was a reappraisal year, which is when location factors are established. Finally, she clarified that the following elements were not in the 2005 assessment: 576 square feet of living area, 800 square feet of concrete, 120 square feet of patio cover, 120 square feet of patio slab, and 990 square feet of asphalt.

After hearing testimony and arguments from counsel, the court took the matter under advisement. In a letter opinion

---

1. We note that Ark.Code Ann. § 26–34–101(b) actually provides that all taxes assessed shall be a lien upon and bind the property assessed from the first Monday in January of the year in which the assessment shall be made.

filed August 31, 2009, the court found that the correct appraisal of appellant's property was $118,400, which allowed for "the additions to the property as made prior to [appellant] turning age 65, but no other and which constitute 'substantial improvements' within the language and intent of the amendment." On August 17, 2010, an order was entered placing the total appraised value of appellant's real estate at $118,400, comprised of $8,500 in land value and $109,900 in improvements. Also on August 17, 2010, a final judgment was entered that included the following findings:

1. The Defendants shall be allowed to include in the Defendants' assessment all additions to the property made prior to the Plaintiff turning age 65.

2. The Court finds that the improvements made by the Plaintiff prior to turning age 65 are "substantial improvements" within the language and intent of Amendment 79.

3. Amendment 79 allows the value of substantial improvements to be added to a real estate assessment for any improvements completed prior to the tax payer turning age 65 regardless of whether or not the improvements were added to the assessment of the parcel prior to the tax payer reaching 65 years of age.

4. The Plaintiff's request for an injunction is denied.

A notice of appeal from this order was filed on September 16, 2010.

On appeal, appellant contends that the circuit court erred in its interpretation of amendment 79. This court's standard of review for constitutional interpretation is well-settled:

When interpreting the constitution on appeal, our task is to read the laws as they are written, and interpret them in accordance with established principles of constitutional construction. It is this court's responsibility to decide what a constitutional provision means, and we will review a lower court's construction de novo. We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. Language of a constitutional provision that is plain and unambiguous must be given its obvious and common meaning. Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision.

*Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 720, 120 S.W.3d 525, 537 (2003) (internal citations omitted).

The section of amendment 79 that is at issue in this case, section 1(d)(1)(B), states:

When a person becomes disabled or reaches sixty-five (65) years of age on or after January 1, 2001, that person's homestead used as the taxpayer's principal place of residence shall thereafter be assessed based on the lower of the assessed value on the person's sixty-fifth birthday, on the date the person becomes disabled or a later assessed value.

Subsection (d)(4) explains that subsection (d) does not apply to substantial improvements to real property. On appeal, appellant asserts that the Pope County Assessor has increased the assessed value of his home on two occasions since his sixty-fifth birthday, once in 2005 and again in 2007, and that both increases were in violation of amendment 79. The bulk of appellant's arguments pertain to the 2007 increase, therefore we will begin by addressing those arguments.

Appellant first argues that the circuit court erroneously added an exception for newly-discovered real property to subsection (d). In the alternative, appellant also asserts that both the ACD and the court have erroneously incorporated the definition of newly discovered real property into the definition of substantial improvements. Next, appellant argues that the changes to his property should be classified as newly discovered real property, and not substantial improvements, because the improvements have never been on the assessment roll. Finally, appellant argues that even under the ACD's definition of "substantial improvements to real property," the changes to his property do not meet that definition because the improvements did not increase the value of the improvements to the property by at least twenty-five percent.

■ We begin by holding that the circuit court clearly did not add an exception for newly discovered real property; the court specifically found that the additions to appellant's property were "substantial improvements" within the language and intent of amendment 79. We also disagree with appellant's characterization of both the circuit court's order and the ACD's definition. Contrary to appellant's argument, neither the circuit court nor the ACD has conflated the definitions of "newly discovered real property" and "substantial improvements." The key distinction is the difference between real property and an improvement to real property.

**2.** We refer to the 2006 version of the rule, as that was the rule in effect at the time appellant's 2007 assessment was done.

**3.** Arkansas Code Annotated section 26–26–1122(a)(2) uses this same definition for the term "new construction."

According to the ACD's rules, "newly discovered property" is "property that has never been on the assessment roll." 177–01–001 Ark.Code R. 4.08.1 (Weil 2006).[2] In addition, Ark.Code Ann. § 26–26–1122(a)(3) (Supp.2011), defines "newly discovered real property" as "real property that has never been on the assessment roll or that has changed use." In contrast, "new construction and improvements" are defined by the ACD as "changes to property that have occurred to property already on the assessment roll." Rule 4.08.1.[3] Finally, "substantial improvements to real property" are defined by Rule 4.08.1 as:

1. Renovation, reconstruction, and refurbishment occurring to further a change in the use and/or class of an improvement. Upon completion of the renovation, reconstruction or refurbishment the assessor shall note the change in use and reappraise the improvement based upon its prevailing market value in the following assessment year....

2. Renovation, reconstruction, and refurbishment occurring that will add 25% or more to the contributory value of an improvement to the property. Upon completion of the renovation, reconstruction or refurbishment the assessor shall note and document the contributory value increase and reappraise the improvement based upon its prevailing market value in the following assessment year.[4]

**4.** We recognize that in 2006, Rule 4.08.1 did not specifically state that the above definition applied to subsection (d) of amendment 79, section 1. However, we find no error in applying the definition to that subsection, and we note that the rule was amended in 2010 to make clear that the definition did apply to subsection (d). *See* 177–01–001 Ark.Code R. 4.08.2 (Weil 2010).

Based on the foregoing definitions, we hold that the improvements made on appellant's property were changes that occurred to property already on the assessment roll, and thus could not be classified as "newly discovered real property" as appellant suggests. Further, we note that the definition of "substantial improvements" includes renovation, reconstruction, and refurbishment such as that done by appellant, and we therefore hold that the circuit court did not err in labeling the changes to appellant's property as substantial improvements.

Finally, with regard to appellant's assertion that the improvements did not constitute a twenty-five percent increase in value, we hold that this determination is not definitive of whether the improvements were substantial. We further note that the circuit court did not make specific findings of fact on this issue, nor did appellant specifically request such findings pursuant to Rule 52 of the Arkansas Rules of Civil Procedure. In the absence of a showing to the contrary, we presume that the circuit court acted properly and made such findings of fact as were necessary to support its judgment. *See Morgan v. Stocks,* 197 Ark. 368, 122 S.W.2d 953 (1938).

With regard to the 2005 increase, appellant argues that, based on the plain language of amendment 79, the assessed value of his property should have been frozen at the value that was in place and ascertainable on the date of his sixty-fifth birthday. Appellant claims, therefore, that the assessor erred in disregarding the freeze and assessing his property at a higher amount based on a change in "location factor." Appellant argues there is clearly no exception in subsection (d) for location-factor changes.

We disagree with appellant's argument. Pursuant to Ark.Code Ann. § 26–34–101(b), changes in assessment are valued as of the first Monday in January of the year in which the changes are made, so the assessment value that appellant was notified of in July 2005 was effective as of January 3, 2005, prior to appellant's sixty-fifth birthday. To hold otherwise would mean that, in any given year, those individuals whose birthdays occur before the assessments are completed and mailed out each year would have an unfair advantage over those whose birthdays occur after the assessments are completed. To correct this, the assessor's office would have to keep a list of all the taxpayers' birth dates and make sure each taxpayer received his or her updated assessment before that birth date. This is simply untenable and cannot be what was intended by the drafters of this amendment. A literal application which leads to absurd consequences should be rejected where an alternative interpretation affects the statute's purpose. *Nucor Corp. v. Kilman,* 358 Ark. 107, 186 S.W.3d 720 (2004). Just as we will not interpret statutory provisions so as to reach an absurd result, neither will we interpret a constitutional provision in such a manner. *State v. Oldner,* 361 Ark. 316, 206 S.W.3d 818 (2005).

Affirmed.