Cite as 2021 Ark. App. 248

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-20-512

| | |
|---|---|
| EDDIE WATKINS III AND DARRELL HIGHSMITH | **Opinion Delivered** May 19, 2021 |
| APPELLANTS | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30PR-20-64] |
| V. | |
| RAYMOND ADAMS, SR. | HONORABLE EDDY R. EASLEY, JUDGE |
| APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This is a pro se appeal presented by appellant Eddie Watkins III, an Arkansas prison inmate, appealing the circuit court's May 11, 2020 order that denied three pending requests filed by Watkins: (1) "Petition for Temporary Lien and Freeze of Respondent's Assets," (2) "Motion for Appointment of Counsel," and (3) "Motion to Order Inmate's Presence at a Scheduled Hearing." Watkins presents no reversible error in the circuit court's rulings. We affirm.

In short, Watkins believes that appellee, Raymond Adams, Sr. (his mother's brother and thus his uncle) wrongfully obtained assets from his now-deceased mother, Dorothy Davis. Watkins asserts that Adams's actions deprived him and his brother, appellant Darrell Highsmith, of assets to which he and Highsmith were entitled.

As best we can discern from his allegations, Watkins contends that in 2017, Adams tricked Davis into giving Adams her share of settlement proceeds related to a wrongful-

death lawsuit involving the death of Adams and Davis's mother, Ethel Mae Nalls Adams (Watkins's grandmother). The proceeds were approved to be distributed as part of the grandmother's estate.[1] Davis allegedly complied and allowed those funds to be placed in an account in Adams's name. Subsequently, Davis bought a house in Malvern, "an entire house full of new furniture and appliances" valued at approximately $12,000, and a 2012 Chevy Sonic, all paid for with checks written from Adams's bank account holding Davis's money. At some point thereafter, Davis learned that she was dying, and she wanted Adams to give her the money remaining in the account so her sons would get it, but Adams refused. Watkins had lived with Davis until her death in October 2018 and lived in Davis's house after her death. Watkins claimed that the Chevy Sonic was placed in his name in March 2019. According to Watkins, Adams completely emptied Davis's house (taking everything including $5,700 worth of clothing and $12,000 worth of household furniture) and "rented out" the house. Watkins alleged, in summary, that Adams had wrongfully kept his mother's remaining money and the assets she had bought with her money, which rightfully belonged to him and his brother.

Based on these allegations, Watkins (who was then an inmate in prison at the Grady Unit in Newport, Arkansas) commenced this lawsuit on April 27, 2020, in Hot Spring

---

[1]There is a contemporaneous appeal being submitted to our court, CV-20-427, *Eddie S. Watkins III v. Raymond Adams, Personal Representative of the Estate of Ethel Mae Nalls Adams, Deceased*, appealing the final order of distribution and the order closing his grandmother's estate. In that case, Watkins had attempted to intervene in his grandmother's Hot Spring County Circuit Court probate proceeding, 30PR-15-17, to challenge Davis's November 2017 waiver of her claim against her mother's estate, which led to the forfeiture of approximately $95,000 of what Watkins contended should have been his mother's money. That probate case was presided over by Judge Chris E Williams. Watkins did not prevail, leading to the appeal in CV-20-427. A full explanation of those proceedings is contained in our opinion in CV-20-427.

2

County Circuit Court, Probate Division, in case number 30PR–20–64, presided over by Judge Eddy R. Easley. Watkins first filed a petition for a "temporary lien and freeze" of Adams's bank accounts and the wrongly obtained assets until a hearing could be conducted. The circuit court granted Watkins's contemporaneous request to proceed in forma pauperis. On May 8, 2020, Watkins filed a motion asking the circuit court to order "Inmate's Presence at a Scheduled Hearing," so that the sheriff would have to bring him to any hearing, which to date had not been set, as well as a "Motion for Appointment of Counsel" to help advise him in this case or be appointed to represent him and his brother. Watkins filed two additional motions that day: a motion requesting permission to amend his petition to add Adams's wife as a party and a motion seeking subpoenas to require the production of certain evidence.

None of the foregoing filings were served on Adams. On May 11, the circuit court entered an order summarily denying the "Petition for Temporary Lien and Freeze of Respondent's Assets," "Motion for Appointment of Counsel," and "Motion to Order Inmate's Presence at a Scheduled Hearing." This appeal followed.

On appeal, Watkins asserts first that Judge Easley should have recused himself. Watkins contends that Adams is the elected mayor of Perla, Arkansas, a small town within Hot Spring County; that Judge Easley knows Adams and is a friend of his; and that obvious bias and a conflict of interest prohibited Judge Easley from presiding over this lawsuit. This argument is presented for the first time on appeal, which precludes our consideration of it. "To preserve a claim of judicial bias for review, an appellant must have made a timely motion to the circuit court to recuse." *Neumann v. Smith*, 2016 Ark. App. 14, at 15, 480 S.W.3d

3

197, 206; *see also Terry v. White*, 374 Ark. 366, 288 S.W.3d 194 (2008). Watkins never filed a motion or asked Judge Easley to recuse or, in his words, to "change venue" of this case, so there is no circuit court ruling for us to review on appeal. This argument presents no reversible error.

Watkins next argues that he was deprived of procedural due process, asserting that the circuit court should have provided reasoning and an explanation behind its denial of his requests; the circuit court should have ordered his presence in court; the circuit court should have ordered the production of certain documents relevant to discovery and proof in his case; and the circuit court should have permitted him to amend his initial petition to add Adams's wife.

We reject Watkins's argument that his right to due process was violated. First, findings of fact and conclusions of law are unnecessary on decisions of motions under the Arkansas Rules of Civil Procedure. Ark. R. Civ. P. 52(a)(1) (2020). Second, Watkins never made a request to the circuit court to provide findings of fact or conclusions of law. The failure of a party to request special findings of fact amounts to a waiver of that right. *Smith v. Quality Ford, Inc.*, 324 Ark. 272, 276, 920 S.W.2d 497, 499 (1996). Furthermore, our appellate courts have held that in the absence of a statute or rule requiring specific findings of fact or a timely request for specific findings under Arkansas Rule of Civil Procedure 52, the appellate court will ordinarily presume that the circuit court made the findings necessary to support its judgment. *See Curry v. Pope Cnty. Equalization Bd.*, 2011 Ark. 408, 385 S.W.3d 130; *Crawford v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 474, 588 S.W.3d 383.

4

Watkins also asserts under his due-process argument that the circuit court committed reversible error by not ordering him to be present in court for a hearing. At this stage of the proceedings, there had been no hearing requested or set. Without any requested or scheduled hearing at which to be present, Watkins could not have suffered any prejudice in the failure to order the sheriff to bring him to court.

To the extent Watkins is asserting that the circuit court erred in denying his request for the appointment of an attorney, we hold that he has not demonstrated any reversible error. In civil matters such as this, there is no absolute right to appointment of counsel. *See Smith v. State*, 2010 Ark. 302.

We summarily reject Watkins's appellate arguments as to his motion to amend his petition to add Adams's wife as a party and his motion for subpoenas to produce certain documentary evidence. Watkins did not obtain a ruling on these motions, they are not listed or addressed in the order on appeal, and these motions are not mentioned in his notice of appeal. Thus, any arguments about those motions are not properly before us on appeal. *See Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1; *Courier v. Woodruff*, 2011 Ark. App. 659; *Foster v. Foster*, 2010 Ark. App. 594, 377 S.W.3d 497.

In closing, we address Adams's "Motion to Dismiss Appeal and for Sanctions." Adams correctly points out that Watkins is not authorized to proceed in this matter on behalf of his brother, Darrell Highsmith. Before this case was submitted, we granted Adams's motion to dismiss the appeal as to Highsmith. Watkins, however, was permitted and entitled to proceed pro se and as an incarcerated indigent person on his own behalf.

5

Adams's motion also sought to dismiss this appeal in its entirety as baseless and frivolous having the same parties arising out of the same transaction or occurrence, pointing to the probate case and appeal concerning Watkins's grandmother. We deny this motion. The present case is a lawsuit filed by Watkins directly against Adams in his individual capacity, more in the nature of a replevin or conversion action, seeking the return of what Watkins claims are his or his deceased mother's assets (a car in his name, a house, clothing, household appliances and furniture, and money). In the other case, Watkins sought to intervene in his grandmother's estate to prevent the final distribution of the wrongful-death-settlement money, and he sued Adams in his capacity as representative of his grandmother's estate. Thus, the lawsuits are not technically between the same parties. Furthermore, if the objects of two suits are different, they may progress at the same time even though they are between the same parties and involve the same subject matter. *See DeSoto Gathering Co., LLC v. Hill*, 2018 Ark. 103, 541 S.W.3d 415. We deny the motion to dismiss Watkins's appeal as wholly frivolous, although Watkins did not ultimately prevail on appeal. Adams's additional requests for sanctions, fees, and costs are likewise denied.

For the foregoing reasons, we affirm Watkins's appeal of the circuit court's May 11, 2020 order.

Affirmed.

HARRISON, C.J., and VIRDEN, J., agree.

*Eddie Watkins III* and *Darrell A. Highsmith*, pro se appellants.

*Appellate Solutions, PLLC*, by: *Deborah Truby Riordan*, for appellee.

6