Cite as 2023 Ark. App. 113

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-22-205

| | |
|---|---|
| | Opinion Delivered March 1, 2023 |
| FREDYE LONG ALFORD AND THE ESTATE OF THERESSA LEE CARPER, DECEASED | |
| | APPEAL FROM THE LAFAYETTE COUNTY CIRCUIT COURT |
| APPELLANTS | [NOS. 37PR-17-27; 37CV-17-46] |
| V. | HONORABLE JAMES O. COX, JUDGE |
| DALE SEILER AND ASHLIE SEILER, INDIVIDUALLY AND AS TRUSTEES OF THE DALE AND ASHLIE SEILER FAMILY TRUST; AND FARM CREDIT SERVICES OF WESTERN ARKANSAS, FLCA | AFFIRMED |
| APPELLEES | |

### N. MARK KLAPPENBACH, Judge

Attorney Fredye Long Alford and the estate she represents, the estate of Theressa Lee Carper, deceased, appeal from an order of the Lafayette County Circuit Court requiring Alford and the estate to repay sums of money into the registry of the court. We affirm.

In addition to the probate case regarding the aforementioned estate, this appeal also involves a case in the civil division of the Lafayette County Circuit Court. In case No. 37CV-17-46, Dr. Nina Morgan filed suit against Ashlie and Dale Seiler, individually and as trustees of the Dale and Ashlie Seiler Family Trust; and Farm Credit Services of Western Arkansas, FLCA. The common factor in the civil case and the probate case is that Dr. Morgan, the

plaintiff in the civil case, at one point served as the administrator of the estate in the probate case.

In May 2020, Southwest Arkansas Title Company, LLC, filed a complaint for interpleader in the civil case. The title company sought to interplead $40,000 that it held in escrow pursuant to an escrow agreement entered into by the parties in the civil case in April 2019. The title company had received the funds from the defendants and was supposed to hold them until both Morgan and the defendants provided notice to disburse the funds to Morgan. The escrow agreement provided that if such notice was not received by June 19, 2019, then the funds would revert to the defendants. Both parties had since requested disbursement of the funds from the title company; thus, the title company sought to deposit the funds into the registry of the court and be discharged from liability. The defendants filed an answer to the complaint for interpleader in which they claimed entitlement to the funds due to Morgan's failure to comply with the terms of a settlement agreement, a prior court order, and the escrow agreement. On October 26, 2020, the circuit court entered an order directing the title company to deposit the funds with the registry of the court, less attorney's fees of $1640, for a total of $38,360.

In a November 4, 2020 order, the circuit court granted the defendants' motion for contempt and sanctions against Morgan for her failure to comply with a prior court order and her refusal to vacate property that was the subject of the parties' settlement agreement. As sanctions, the court awarded judgment against Morgan in the sum of $50 a day from June 28, 2019, until such date that she no longer occupies the subject property and no longer has

"personal property possessions" located thereon. As further sanctions, the court awarded the defendants judgment against Morgan for attorney's fees of $12,969 and a mediation fee of $600. The court ordered that "Defendants are entitled to payment of all amounts awarded above from the sums interpled and deposited by [the title company] into the registry of this Court." The court also ordered that the defendants were entitled to a writ of assistance directing the sheriff to remove Morgan and her possessions from the subject property. A writ of assistance was entered that same date.

On February 25, 2021, the defendants filed a motion for distribution requesting that the court order the clerk of the court to distribute the entirety of the $38,360 of interpleaded funds to them pursuant to the November 4, 2020 order. The defendants filed a brief setting forth their entitlement to $43,919 from Morgan, which constituted the previously awarded attorney's fee and mediation fee added to $30,350 owed as the result of Morgan's continued occupation of the property as of February 24, 2021.

In the probate case, an order was entered on August 13, 2021, in which Alford was awarded judgment against Morgan, individually, in the amount of $12,329.86 plus interest for attorney's fees and expenses incurred by Morgan in the probate case and previously ordered to be paid. The court further ordered that any clerk of court holding money for Morgan was authorized to satisfy this judgment upon presentment thereof. On October 21, 2021, the probate court entered an order finding Morgan in contempt and ordering her to reimburse $14,445.64 she wrongfully took from the estate "from her personal funds held by

3

the Circuit Clerk of Lafayette County, Arkansas." The sums owed to Alford and the estate were paid from the interpleaded funds held in the registry of the court.

At some point thereafter, the defendants apparently submitted to the court a proposed order for distribution. The court, sitting by assignment in both cases, scheduled a joint hearing in the civil case and the probate case for December 14, 2021. Prior to the hearing, both Alford and the defendants filed briefs asserting their entitlement to the interpleaded funds.

Following the hearing, the circuit court entered an order on January 4, 2022, in both the probate case and the civil case. The court found that the defendants were not afforded due process relating to the distribution of the funds in the probate case. The court also found that at the time the orders were made in the probate case, Morgan did not have an interest in the funds held in the registry of the court. Accordingly, the court set aside the portions of those orders allowing for payment from the interpleaded funds and ordered Alford and the estate to repay the funds to the circuit clerk. The court then granted the defendants' motion for distribution of the funds and ordered the clerk to pay the defendants the sum of $38,360. A notice of appeal of the January 2022 order was filed on behalf of both the estate and Alford personally.

With certain exceptions not applicable here, virtually all probate orders are appealable pursuant to Arkansas Code Annotated section 28-1-116(a) (Repl. 2012) and Arkansas Rule of Appellate Procedure–Civil 2(a)(12). *See Ferguson v. Ferguson*, 2009 Ark. App. 549, at 4 n.1, 334 S.W.3d 425, 428 n.1. Accordingly, this appeal is properly brought by Alford and the

4

estate, who were aggrieved by an order of the circuit court in the probate proceedings. We review probate proceedings de novo, but we will not reverse the decision of the circuit court unless it is clearly erroneous. *Taylor v. Hamilton*, 90 Ark. App. 235, 205 S.W.3d 149 (2005).

Appellants argue that due to the defendants' inaction, the money held in the registry of the court did not belong to the defendants at the time of the probate court orders and disbursements. Appellants contend that the November 2020 judgment did not change ownership of the funds and that the funds were never transferred to the defendants because the defendants never executed their judgments. Appellants argue that because they were first to execute their judgments, by obtaining specific court orders for distribution, they established priority to the money.

We do not view the issue as one of priority of execution of judgments. Instead, we agree with the defendants that the circuit court was correct in finding that Morgan did not have an interest in the funds held by the court at the time of the probate hearings and orders. The funds were originally deposited into escrow by the defendants pursuant to a settlement agreement entered into by the parties in the civil case. The escrow agreement provides that if Morgan has not vacated the real property by June 19, 2019, the escrow deposit will be returned to the defendants. Thereafter, the funds were interpleaded. The November 2020 order awarded judgment to the defendants and found that they were "entitled to payment of all amounts awarded above from the sums interpled and deposited by [the title company] into the registry of this Court." At that point, the sums awarded totaled $38,319.

The August 2021 probate order awarded judgment to Alford and ordered that "any Clerk of Court holding moneys *for Nina Morgan* is hereby authorized to satisfy this judgment upon presentment thereof." (Emphasis added.) The October 2021 probate order found that Morgan was to repay the estate and that the money "shall be returned to the estate from *her personal funds* held by the Circuit Clerk of Lafayette County, Arkansas." (Emphasis added.) Although the money was still held in the registry of the court at the time of the probate proceedings, the interpleaded money was not being held "for Nina Morgan" and did not constitute "her personal funds." Accordingly, we hold that the circuit court's decision was not clearly erroneous.

Affirmed.

HARRISON, C.J., and GLADWIN, J., agree.

*Eckhart Alford, P.L.L.C.*, by: *Fredye Long Alford*, for appellants.

*Bridges, Young, Matthews & Drake PLC*, by: *David L. Sims*, for appellees.